DECISION AND JUDGMENT ENTRY
{¶ 1} On June 19, 1998, plaintiff-appellee Megan Peters was riding in the bed of defendant-appellant Jason A. Malone's pickup truck. Malone failed to negotiate a turn, drove off the road, and struck a tree. Peters was thrown from the bed of the truck and was found lying under a front tire of the truck. She suffered serious and permanent injuries, including injuries to her shoulder, knees, ankle, and tailbone.
 {¶ 2} Peters sued Malone. Malone stipulated that he had negligently operated his motor vehicle and that his negligence was the sole proximate cause of the accident. The case proceeded to a trial before a jury on the issues of the nature and extent of Peter's injuries and the amount of her damages. The jury returned a verdict of $35,562.50 for Peters, and the trial court entered a judgment for that same amount.
 {¶ 3} Prior to trial, Malone's insurance company, State Farm, had paid Peters $5,000 under the medical-payments coverage of Malone's policy with State Farm. Once the jury's verdict had been entered, Malone, through State Farm, paid Peters $30,562.50, the amount of the judgment minus the $5,000 previously paid by State Farm. Malone requested that Peters file a satisfaction of the judgment, but she refused.
 {¶ 4} Malone moved under Civ.R. 60(B)(4) for relief from judgment and, in the alternative, sought an order crediting all payments made to Peters by State Farm toward payment and satisfaction of the judgment in full.
 {¶ 5} The trial court scheduled the matter for a non-oral hearing, which the court stated was a deadline for the parties to file arguments and evidence. The trial court denied Malone's motions, and Malone now appeals.
 {¶ 6} In two assignments of error, Malone argues essentially one thing — that the trial court erred in not requiring Peters to reimburse State Farm for the $5,000 in medical payments made to her. Malone argues that the trial court should have either granted his Civ.R. 60(B)(4) motion for relief from judgment or credited him with the $5,000 State Farm payment to Peters, and then entered a judgment of satisfaction. We disagree and affirm the trial court's judgment.
 {¶ 7} To prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must demonstrate (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the timeliness of the motion.[1] In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion.[2] An abuse of discretion is conduct that is unreasonable, arbitrary, or unconscionable.[3]
 {¶ 8} In its entry denying Malone's motion, the trial court stated that State Farm had made the $5,000 in medical payments to Peters without restrictions; that is, the court found that Peters had not signed a release acknowledging that the $5,000 payment would be credited towards any future judgment. The court held, therefore, that Peters had no obligation to reimburse Malone or State Farm.
 {¶ 9} The trial court drew a distinction between Peters's status in receiving payment from State Farm for medical costs and her status in receiving payment of the $35,562.50 judgment. The trial court determined that Peters was a third-party beneficiary for the medical costs, but that she was not a third-party beneficiary for the purpose of liability. We agree.
 {¶ 10} A third-party beneficiary is one for whose benefit a promise has been made in a contract but who is not a party to the contract.[4] The third party need not be named in the contract, as long as she is contemplated by the parties to the contract and is sufficiently identified.[5] Moreover, it must be shown that the contract was made and entered into with the intent to benefit the third person.[6] A mere incidental or indirect benefit is not sufficient to create enforceable third-party rights under the contract.[7] When the third party accepts the benefits of the contract, she also must assume the burdens.[8]
 {¶ 11} Under State Farm's medical-payments coverage, Peters was a third-party beneficiary. As such, she was entitled to be paid for the medical expenses that she had incurred from the accident.
 {¶ 12} But Peters was not a third-party beneficiary under the liability portion of Malone's insurance policy with State Farm. In Ohio, courts have held that a standard liability insurance policy is not a contract for the benefit of a third person.[9] The contract is made with the intention of benefiting the insured, not someone whom he injures.[10]
 {¶ 13} But though Peters was a third-party beneficiary of the contract between Malone and State Farm for purposes of medical payments, Peters received the payment of $5,000 with no restrictions. There was no evidence in the record that Peters signed any type of acknowledgement that the $5,000 would be deducted from any future payment based on Malone's liability. Without a release, Peters had no obligation to reimburse State Farm for the $5,000.
 {¶ 14} While Malone has cited to several provisions of his insurance policy that seek to restrict payment, without the knowledge or consent of Peters, Peters was not obligated by those provisions. As the trial court suggested, the solution for Malone and State Farm would have been for them to have had Peters sign a release acknowledging the terms of the policy and acknowledging that any future recovery for her injuries would first be used to reimburse State Farm for the medical-payments coverage.
 {¶ 15} Malone attempts to support his position by citing two cases, Gerak v. Dentice[11] and Craven v. NationwideMut. Ins. Co.,[12] in which the courts held that an insurance company was entitled to reimbursement for medical expenses paid to a plaintiff. However, both of those cases are distinguishable on their facts. In each case, both the plaintiff and the defendant were covered by the same insurance company, which was not the situation with Peters and Malone.
 {¶ 16} Because there was no evidence that Peters was obligated to reimburse the medical payment of $5,000, we conclude that the trial court did not abuse its discretion when it denied Malone's Civ.R. 60(B) motion and when it denied Malone's motion to credit the medical payment to State Farm and to enter an order of full satisfaction of the judgment.
 {¶ 17} Malone further argues that the trial court erred when it did not set an evidentiary hearing for his motion, which would have allowed him to offer evidence that Peters did acknowledge restrictions.
 {¶ 18} If a Civ.R. 60(B) motion contains allegations of operative facts that would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion.[13] Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts that would warrant relief under Civ.R. 60(B).[14]
 {¶ 19} Malone filed his motion for relief from judgment along with an affidavit from his counsel and exhibits. The court then notified the parties that a non-oral hearing on the motion was set. The court notice specifically stated, "This is merely a deadline for parties to file arguments and evidence."
 {¶ 20} The trial court gave Malone ample opportunity and notice to present evidence that Peters had acknowledged restrictions when she accepted the $5,000 medical payment. Without such evidence, Malone's motion did not contain allegations of operative facts that would have warranted relief under Civ.R. 60(B). Therefore, the trial court was not obligated to set an evidentiary hearing, and it was not an abuse of discretion for the trial court not to set one.
 {¶ 21} Accordingly, we overrule both of Malone's assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover costs from appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Dissents.
Abele, J.: Concurs in Judgment and Opinion.
[1] See GTE Automatic Elec.Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.
[2] See State ex rel. Richard v. Seidner, 76 Ohio St.3d 149,151, 1996-Ohio-54, 666 N.E.2d 1134.
[3] Id.
[4] See Chitlik v. Allstate Ins. Co. (1973),34 Ohio App.2d 193, 196, 299 N.E.2d 295.
[5] Id.
[6] Id.
[7] Id.
[8] See Gerak v. Dentice (Apr. 12, 2000), 9th Dist. No. 19767.
[9] See Chitlik v. Allstate Ins. Co., supra, at 197.
[10] Id.
[11] Supra.
[12] (Mar. 11, 1998), 9th Dist. No. 18490.
[13] See State ex rel.Richard v. Seidner, supra.
[14] Id.