OPINION
{¶ 1} Lawrence Montecalvo, Sr., appeals from the judgment of the Warren Municipal Court, adopting the decision of the magistrate, and dismissing his complaint. We affirm.
 {¶ 2} Mr. Montecalvo, Sr. filed an action in the Trumbull County Court of Common Pleas against Mr. Chad Decost, alleging that Mr. Decost's Great Dane bit his son, Lawrence Montecalvo, Jr. The complaint in that action specifically alleged that hospital and medical expenses were incurred due to the bite. Trial was had, the jury returning a verdict in the sum of $3,751.50 in favor of the Montecalvos. February 9, 2005, the Montecalvos filed a satisfaction of judgment in that case, stating the judgment had been paid and was fully discharged.
 {¶ 3} July 5, 2005, the Montecalvos filed this action as a small claims complaint in the Warren Municipal Court, seeking recompense from the medical payments coverage provided by Mr. Decost's homeowner's insurance policy, issued by American Family Insurance Company. American Family evidently moved to dismiss the complaint.[1] The case was transferred to the trial court's regular docket, and referred to the magistrate. In a well-reasoned decision filed March 9, 2006, the magistrate concluded that the jury award in the common pleas case, as evidenced by the satisfaction of judgment filed therein, precluded the Montecalvos from any further recovery due to res judicata and collateral estoppel, and dismissed the complaint. March 13, 2006, the Montecalvos objected to the magistrate's decision; June 9, 2006, the trial court denied the objections, and adopted the decision. June 15, 2006, the Montecalvos timely noticed this appeal, assigning one error:
 {¶ 4} "[t]he trial court erred in adopting and entering judgment on the Magistrate's Decision dismissing the Small Claim Complaint."
 {¶ 5} We review the adoption of a magistrate's decision by a trial court for abuse of discretion. Singer Steel Co. v. HJ Tool Die Co.,Inc., 11th Dist. No. 2002-P-0135, 2004-Ohio-5007, at ¶ 22. Abuse of discretion is no mere error of law or judgment: it connotes an unreasonable, arbitrary or unconscionable attitude on the part of the court. Id.
 {¶ 6} The trial court held that this action was barred by res judicata and collateral estoppel, arising from the prior common pleas case. We agree.
 {¶ 7} "The doctrine of res judicata applies when (1) the judgment of a prior case is valid, final and was decided on the merits; (2) the judgment in the prior case was issued by a court of competent jurisdiction; (3) both the prior and present suit involve the same parties or those whose interest are adequately close to demonstrate a relationship of privity; and (4) both the prior and present case arose from the same transaction or occurrence. * * *"
 {¶ 8} "Collateral estoppel is applicable when a fact or issue (1) has been actually and directly litigated in a prior action, (2) has been passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom the doctrine is asserted was a party in privity with the party in the prior action. * * *" Yeager v. Ohio CivilRights Commission, 11th Dist. No. 2005-T-0149, 2006-Ohio-5178, at ¶ 22-23. (Internal cites omitted.)
 {¶ 9} It seems beyond cavil that res judicata and collateral estoppel apply to this matter. The judgment in the common pleas case was based on a jury verdict in favor of the Montecalvos, and they filed a satisfaction of judgment. The first element of res judicata is satisfied: the prior judgment was valid, final, and on the merits. The Trumbull County Court of Common Pleas is competent to render judgments in personal injury cases arising in that county, like that instant, fulfilling the second element of res judicata. The parties are the same, or in privity. Plaintiffs in each case are Lawrence Montecalvo, Sr., his father acting on his behalf in common pleas, and on his behalf and individually in municipal court. Defendant in the first case, Mr. Decost, was the insured of defendant in this case, American Family Insurance Co. The relationship of insurer to insured is one of privity.Suver v. Personal Service Ins. Co. (1984), 11 Ohio St.3d 6, 9 (Holmes, J., dissenting). This fulfills the third element of res judicata. Each case arises from the same occurrence — the dog bite to Lawrence, Jr.—fulfilling the fourth element of the doctrine.
 {¶ 10} Equally, each element necessary to collaterally estop the Montecalvos from maintaining this action is present. The issue of Lawrence, Jr.'s medical expenses was pled in the complaint in the Trumbull common pleas case; and, the jury rendered a verdict in the Montecalvos' favor. Nothing indicates, and the Montecalvos do not argue, that the issue of medical expenses was not adjudicated in that case. This is sufficient to meet the first two elements of collateral estoppel. The parties are all the same, or in privity, meeting the last element of the doctrine.
 {¶ 11} In support of their assignment of error, the Montecalvos advance three arguments. First, they contend that res judicata and collateral estoppel do not preclude them from seeking coverage under the "med pay" provisions of Mr. Decost's homeowner's policy, since they are "third party beneficiaries" to that particular coverage.
 {¶ 12} The Montecalvos are correct that the med pay coverage in an insurance policy is different than the liability coverage. The former is not necessarily conditioned on the negligence of the insured, and is payable directly to the injured party or the person paying the covered medical expenses. The premium is generally separate. However, none of this is relevant to the case at bar. Quite simply, by the common pleas action, the Montecalvos received all their damages, including medical expenses, arising from Lawrence, Jr.'s injury. They cannot seek more.
 {¶ 13} Second, the Montecalvos argue there is no identity of parties in the two cases, this action being directly against Mr. Decost's insurer. As noted above, American Family, Mr. Decost's insurer, is his privy for purposes of damages arising from the dog bite.
 {¶ 14} Third, the Montecalvos argue that the "collateral source" rule enables them to prosecute the action. Under this doctrine, Ohio's courts refuse to credit to a tortfeasor benefits which an injured party receives from a third party as a result of the tortious conduct.Pryor v. Weber (1970), 23 Ohio St.2d 104, 107. Evidently, the Montecalvos consider that, since the med pay portion of the subject liability policy can perform like a third party beneficiary contract — being available to injured persons apart from the insured's negligence — it is a source collateral to that policy.
 {¶ 15} The argument is unpersuasive. The Montecalvos chose to prosecute Mr. Decost for all of their damages, including medical expenses, in the negligence action in Trumbull common pleas. Mr. Decost and American Family are in privity for any damages determined in that action. Having been made whole already, res judicata and collateral estoppel prevent them from returning to the same injury, and seeking more.
 {¶ 16} There is no error, much less an abuse of discretion, in the trial court's judgment. The assignment of error is without merit.
 {¶ 17} The judgment of the Warren Municipal Court is affirmed.
WILLIAM M. O'NEILL, J., CYNTHIA WESTCOTT RICE, J., concur.
[1]. There are procedural peculiarities in this case, perhaps due to its inception in small claims. Though American Family was represented by counsel in the trial court, no answer was filed. American Family moved to dismiss based on res judicata, an affirmative defense which must be pled under Civ. R. 8(C), and may not be disposed of by a Civ. R. 12(B) motion. Karlen v. Steele (Sept. 15, 2000), 11th Dist. No. 99-T-0076,2000 Ohio App. LEXIS 4217, at 11-12. Civ. R. 56 provides the mechanism for disposing of the defense of res judicata. Id. The case was never converted to summary judgment as provided in Civ. R. 12(B). However, the Montecalvos objected to none of this in the trial court: indeed, in the objections to the magistrate's decision which were filed, they specifically discounted any objection to his factual findings. None of these irregularities amounts to plain error: thus, we deem them waived. See, e.g., Civ. R. 53(D)(3)(b)(iv).