OPINION
{¶ 1} Appellants, Olga L. Fickes and Larry V. Fickes, II, appeal from judgment entries of the Trumbull County Court of Common Pleas; the first granting appellee, Rose M. Kirk, setoff in the amount of $7,407.24, and the second, amending the prior judgment entry based on a jury verdict to account for that difference in the jury's award.
 {¶ 2} This case arises from an accident occurring on April 3, 2002, in a Walmart parking lot, in which Kirk's vehicle struck Mrs. Fickes' vehicle after allegedly failing to yield the right of way. Kirk was insured by State Farm, while the Fickes' carrier was Nationwide. *Page 2 
 {¶ 3} On February 27, 2004, appellants filed a two count complaint for personal injury and loss of services and consortium. Kirk answered the complaint on April 30, 2004.
 {¶ 4} Nationwide paid $7,407.24 to Mrs. Fickes under the medical payments coverage in her policy. While the instant action was pending, Nationwide informed appellants that it was pursuing inter-company arbitration against State Farm to recover this payment. The arbitration resulted in an award in favor of Nationwide for the aforementioned amount, which was subsequently paid by State Farm.
 {¶ 5} On March 27, 2006, a trial by jury was held on the instant action. On March 29, 2006, the jury rendered a verdict in favor of the Fickes, in the amount of $22,365.00, plus costs.[1] The trial court entered this as a judgment the same day.
 {¶ 6} During post-trial proceedings before the court, appellants moved to tax as costs certain discovery expenses, while Ms. Kirk submitted a brief requesting set-off of the arbitration award in favor of Nationwide against the jury verdict. By judgment entries dated July 28, 2006, the court denied appellants' motion for costs, granted set-off in favor of Kirk, and amended the jury's judgment award to $14,957.76. Appellants timely appealed, assigning the following as error:
 {¶ 7} "The trial court erred to the prejudice of Plaintiff-Appellants when it granted a set off from the judgment of the jury."
 {¶ 8} Appellants raise many arguments in support of their assignment or error. First, they assert that set-off is an affirmative defense governed by Civ.R. 8(C), and argue that since Kirk failed to raise this issue in her answer, it was waived. Second, appellants assert that the record lacks any evidence probative of the alleged arbitration *Page 3 
award, and therefore, if such an award exists, it would be unenforceable against them as non-parties to that proceeding. Appellants further argue that since State Farm was not a party to the personal injury case, any arbitration award against it in favor of Mrs. Fickes' insurer is unrelated to the action against Kirk. Finally, appellants argue that the collateral source rule bars set-off of the jury verdict in the amount of the arbitration award.
 {¶ 9} Kirk raises two arguments in defense of the set-off: First, she notes that Ohio law disfavors double recoveries, and argues that the payment from her insurer, State Farm, reimbursing the Fickes' insurer, Nationwide, for its payments under the medical payments portion of her policy, was not from a "collateral" source. Therefore, she argues that the failure to subtract such payment from the jury award would result in a double recovery. Second, Kirk argues that since the standard of review applicable in this case is abuse of discretion, appellants cannot demonstrate that the trial court erred by awarding setoff.
 {¶ 10} Allowance of a setoff is a matter within the sound discretion of the trial court, and the court's decision will not be set aside absent a clear abuse of discretion. Webster v. Dalcoma Ltd. PartnershipFour (Sep. 17, 2001), 12th Dist. No. CA2000-11-028, 2001 Ohio App. LEXIS 4140, at *9 (citation omitted). An abuse of discretion is more than a mere error of law or judgment, but implies that the court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 11} In the case sub judice, the only portion of the trial transcript submitted by appellants recounts the closing argument of Kirk's counsel. The relevant insurance policies are not part of the record. The only evidence of the arbitration award in the *Page 4 
record is the affidavit of George Capellas, a claims supervisor for State Farm, which was attached to Ms. Kirk's brief in support of the set-off in the trial court.
 {¶ 12} The affidavit from Capellas, averred that State Farm reimbursed Nationwide in the amount of $7,407.24 for a medical payment subrogation claim resulting from Olga Fickes' accident, and that this claim was supported by documentation confirming Fickes' medical expenses. The affidavit and supporting documentation confirmed that the subrogation claim was paid on June 6, 2005.
 {¶ 13} Here, the parties do not dispute that Nationwide paid Mrs. Fickes under the medical payments portion of their insurance contract with Nationwide and that Nationwide recouped the sum from State Farm, Kirk's insurer.
 {¶ 14} It is a well-settled rule of law that "the measure of damages is that which will compensate and make the plaintiff whole." Pryor v.Webber (1970), 23 Ohio St.2d 104, at paragraph one of the syllabus. In other words, the law of damages is generally intended to preclude double recovery for an injury. The only exception to this general rule of damages is the collateral source rule, which has been described as "the judicial refusal to credit to the benefit of the wrongdoer money * * * received in reparation of the injury * * * which emanates from sources other than the wrongdoer." Id. at 107 (citation omitted). "The rationale for the exception * * * is that benefits the plaintiff receives from a source wholly independent of the wrongdoer should not benefit the wrongdoer by reducing the amount of damages which a plaintiff might otherwise recover * * *." Klosterman v. Fussner (1994),99 Ohio App.3d 534, 538 (citation omitted) (emphasis added).
 {¶ 15} As her insurer, State Farm is not wholly independent from Kirk, since "[t]he relationship of insurer to insured is one of privity."Montecalvo v. Am. Family Ins. Co., *Page 5 
11th Dist. No. 2006-T-0074, 2006-Ohio-6881, at ¶ 9, citing Suver v.Personal Serv. Ins. Co. (1984), 11 Ohio St.3d 6, 9.
 {¶ 16} Furthermore, Capellas' affidavit is competent, credible evidence of State Farm's payment under the policy on Kirk's behalf. "If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion." Middendorf v.Middendorf, 82 Ohio St.3d 397, 401, 1998-Ohio-403 (citation omitted).
 {¶ 17} Although appellants are correct that the med pay coverage portion in an insurance policy is different from liability coverage, in that payment is not necessarily conditioned upon the negligence of the insured, it does not logically follow that such coverage isalways considered a source collateral to the policy.Montecalvo, 2006-Ohio-6881, at ¶¶ 13-15.
 {¶ 18} It is true that Evid.R. 411 prohibits the admission of "[e]vidence that a person was * * * insured against liability * * * upon the issue of whether he acted negligently or wrongfully." However, in the instant case, the evidence of the insurance payment was not admitted to establish liability; rather, it was only admitted to establish a setoffafter the jury had returned its verdict. Motions for setoff of a jury's verdict are routinely considered by courts. See e.g., Leisure v. StateFarm Mut. Auto. Ins. Co. 5th Dist. No. 2002CA00277, 2002CA00313 
2002CA00330, 2003-Ohio-2491 at ¶ 6.
 {¶ 19} An appellant bears the burden of showing error by reference to matters in the record. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Here, appellants have failed to provide any evidence, in the form of a transcript or copies of the relevant insurance policies, to show that the med pay coverage came from a source "wholly independent" of Kirk as "the wrongdoer." Without additional evidence on the record, we cannot pass on the issue of whether the collateral source rule was invoked in this particular case. When portions of the record "necessary for resolution of assigned *Page 6 
errors are omitted * * * the reviewing court has nothing to pass upon and thus, * * * has no choice but to presume the validity of the lower court's proceedings, and affirm." Id.
 {¶ 20} Appellants' sole assignment of error is without merit. We affirm the judgment of the Trumbull County Court of Common Pleas.
CYNTHIA WESTCOTT RICE, P.J., concurs,
COLLEEN MARY OTOOLE, J., dissents with a Dissenting Opinion.
[1] The jury's damage award was broken down as follows: $15,605.00 was awarded for Mrs. Fickes' medical expenses; $1,760.00 was awarded for lost wages; and $5,000.00 was awarded for pain and suffering.