{¶ 21} The Fickes raise many arguments in support of their assignment. They assert that set-off is an affirmative defense governed by Civ.R. 8(C), which Ms. Kirk waived by failing to raise in her answer. They maintain both that the record lacks any evidence probative of the alleged arbitration award, and that such an award would be unenforceable against them, since they were not parties to any arbitration proceedings. They note that State Farm was not a party to this action, and contend that any arbitration award against it in favor of Mrs. Fickes' insurer is unrelated to their tort action against Ms. Kirk. They allege that the collateral source rule bars set-off of the arbitration award.
 {¶ 22} Ms. Kirk raises two arguments in defense of the set-off. First, she notes that Ohio law disfavors double recoveries. Since her insurer, State Farm, has allegedly reimbursed the Fickes' insurer, Nationwide, for its payments under the medical payments coverage of the Fickes' policy, she argues that failure to subtract that payment from the jury award would result in a double recovery. Second, Ms. Kirk *Page 7 
alleges that the standard of review applicable in this case is abuse of discretion, and that the Fickes cannot cross that high hurdle.
 {¶ 23} We are somewhat constrained in our review of this case due to the paucity of the record. The only portion of the trial transcript before us recounts the closing argument of Ms. Kirk's counsel. The relevant insurance policies are not in the record. There is, however, the affidavit of George Capellos, a claims supervisor for State Farm, attached to Ms. Kirk's brief in support of the set-off in the trial court. Most significant, however, is the absence of a release from the Fickes to State Farm. This is dispositive.
 {¶ 24} It is black letter law in Ohio that insurance is generally not even to be mentioned in front of a jury in liability cases such as this. The appropriate method for resolving matters such as the offset of medical payments is, either by stipulation of the parties; or, when that is not possible, by post-trial motion under Civ.R. 60(B). See, e.g.,Peters v. Malone, 4th Dist. No. 03CA23, 2004-Ohio-3327. In the latter situation, the evidence pertaining to offset must be such as to warrant relief from judgment. Cf. Id. at ¶ 18-20.
 {¶ 25} Consequently, we should treat the post-trial proceedings in this case as having been made under Civ.R. 60(B). We review such proceedings for abuse of discretion. Ludlow v. Ludlow, 11th Dist. No. 2006-G-2686, 2006-Ohio-6864, at ¶ 24. Abuse of discretion connotes more than an error of law or judgment; it means the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id.
 {¶ 26} The parties do not dispute that Nationwide paid the Fickes under the medical payments portion of their insurance contract with Nationwide; and that Nationwide recouped the sum paid from State Farm, Ms. Kirk's insurer. It is well-recognized that the medical payments portion of an insurance policy is different than the liability portion. Cf. Montecalvo v. Am. Family Ins. Co., 11th Dist. No. 2006-T-0074, *Page 8 2006-Ohio-6881, at ¶ 12. The premium is generally separate; the coverage is not necessarily premised on a finding of liability; and the coverage is payable to the injured party, or the person paying covered medical expenses. Cf. Id.
 {¶ 27} I find the opinion of the Fourth District in Peters, supra, persuasive. In that case, appellee was injured while riding in appellant's truck. Id. at ¶ 1. Prior to trial, appellant's insurer paid appellee under the medical payments portion of its policy. Id. at ¶ 3. Following entry of a verdict in favor of appellee, appellant's insurer paid appellee the judgment, less the amount previously paid her under the medical payments coverage, and requested she file a satisfaction of judgment, which she refused to do. Id. In post-trial proceedings under Civ.R. 60(B), the trial court refused the request of appellant's insurer that its payments to appellee under the medical payments coverage be deducted from the judgment rendered at trial. Id. at ¶ 4-5.
 {¶ 28} On appeal, the Fourth District affirmed. It held that appellee was, in effect, a third-party beneficiary of the medical payments portion of appellant's insurance contract, but not a third-party beneficiary of the liability portion, which inured solely to the benefit of the insured tortfeasor. Peters at ¶ 9-12. The court held that, absent some contractual agreement by appellee to deduct medical payments from any liability award in her favor, she could not be required to reimburse these payments to appellant's insurer. Id. at ¶ 13-16.
 {¶ 29} The situation in this case resembles that presented inPeters. Ultimately (through the instrumentality of its arbitration with the Fickes insurer), the tortfeasor's insurer made medical payments to the Fickes. But, it never obtained an agreement, or release, from the Fickes, specifying that such payments would be offset against any liability award. Consequently, there was no evidence before the trial court that the Fickes settled their claim for med pay. As such, they were not obligated by the contract *Page 9 
to repay the amounts they received as medical payments; and the trial court abused its discretion by offsetting those payments against the jury verdict.
 {¶ 30} Respectfully, I dissent. *Page 1