[Cite as *Adkins v. Orefice*, 2012-Ohio-6033.]

## IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

MARY ADKINS, et al.            :

     Plaintiffs-Appellants        :       C.A. CASE NO. 12CA0015

vs.                       :       T.C. CASE NO. 06CV0462

FRANCO OREFICE, ADM. OF ESTATE  :      (Civil Appeal from
  OF VERLIN PLACE                  Common Pleas Court)
      Defendants-Appellees      :

. . . . . . . . .

### O P I N I O N

**Rendered on the 21st day of December, 2012.**

. . . . . . . . .

T. Jeffrey Beausay, Atty. Reg. No. 0039436, 495 S. High Street, Suite 300, Columbus, OH 43215
      Attorney for Plaintiffs-Appellants Mary and Timothy Adkins

Michael C. Mahoney, Atty. Reg. No. 0080111, Fifth Third Center, 1 S. Main Street, Suite 1800, Dayton, OH 45402-2017
      Attorney for Defendant-Appellee

Mark J. Sheriff, Atty. Reg. No. 0019273; Dale D. Cook, Atty. Reg. No. 0020707, 300 Spruce Street, Floor One, Columbus, OH 43215-1173
      Attorneys for Involuntary Plaintiff-Appellee Auto-Owners
        Insurance Company

. . . . . . . . .

GRADY, P.J.:

{¶ 1} This appeal is from a final judgment for the Plaintiff in a personal injury action, in which the trial court ordered a set off in favor of the Defendant's subrogated insurer for the amount of Plaintiff's medical expenses the insurer had paid, and further awarded a

money judgment to another insurer for a non-party that had paid an additional amount of Plaintiff's medical expenses. We find that the set off was proper, and will affirm the judgment in that respect. We find that the money judgment in favor of the other insurer was not proper because neither that insurer nor its insured had filed a claim for relief in the action against the Plaintiff or were otherwise subrogated on her claim against the Defendant.

{¶ 2} On May 22, 2004, Mary Adkins was injured when a car in which she was a passenger was struck by a car driven by Verlin Place, who allegedly ran a red light. At the time of the accident, Mary Adkins had automobile liability insurance coverage through State Farm Mutual Automobile Insurance ("State Farm") and Place had automobile liability insurance coverage through American Family Insurance Group ("American Family"). The driver of the car in which Mary Adkins was a passenger had automobile liability insurance coverage through Auto-Owners Insurance Company ("Auto-Owners").[1]

{¶ 3} On March 30, 2006, Mary Adkins and her husband, Timothy Adkins, commenced an action against Place for injuries and lost wages Mary Adkins sustained as a result of the collision, and for Tim Adkins's loss of services and consortium. Mary Adkins sought $12,451.12 for medical and hospital expenses. When the Adkinses discovered that Place was deceased, Franco Orefice, as administrator of the Estate of Place, was substituted as Defendant.

---

[1] The record does not contain copies of any of the insurance policies concerning the parties involved in the automobile accident. It appears undisputed, however, that the Auto-Owners policy contained a medical payments provision that covered up to $10,000.00 in medical payments incurred by passengers in the insured's vehicle.

**{¶ 4}**  On April 3, 2008, the Estate of Place filed a motion to join State Farm and Auto-Owners as subrogated parties pursuant to Civ.R. 21, 19, and 19.1.  The trial court granted the motion.  (Dkt. 14.)  State Farm and Auto-Owners then filed complaints against the Estate of Place, seeking judgment against the Estate for amounts each spent on medical bills incurred by Mary Adkins.

**{¶ 5}**  State Farm alleged that it had a subrogation claim against the tortfeasor as a result of its policy of insurance with Mary Adkins, pursuant to which State Farm had provided medical payments to the benefit of Mary Adkins.  (Dkt. 15.)  State Farm purportedly paid $6,191.12 toward Mary Adkins's medical bills incurred at Community Hospital.  Auto-Owners alleged that it had a subrogation claim against the tortfeasor as a result of its insurance policy that provided medical payments coverage to Mary Adkins on behalf of the owner of the vehicle in which Mary Adkins was a passenger.  (Dkt. 25.)  Auto-Owners purportedly paid $10,000.00 toward Mary Adkins's medical bills.

**{¶ 6}**  On October 3, 2011, Defendant filed a motion to exclude evidence of Plaintiffs' claimed medical expenses, or in the alternative to order a post-verdict setoff of $6,191.12.  According to Defendant, American Family (Place's insurer) had paid $6,191.12 to State Farm in full satisfaction of medical bills incurred by Mary Adkins during her stay at Community Hospital.  Attached to Defendant's motion were exhibits that purported to show that American Family had paid State Farm $6,191.12 pursuant to an arbitration award as reimbursement for State Farm's payment of Mary Adkins's medical bill with Community Hospital.  The exhibits also purported to show that Auto-Owners had paid $10,000.00 to

Mary Adkins pursuant to a medical expenses provision of an insurance policy with the driver of the automobile in which Mary was a passenger.

**{¶ 7}** On December 1, 2011, the trial court overruled Defendant's motion to exclude evidence of insurance coverage, but held in abeyance the motion to order a post-verdict setoff in the amount of $6,191.12.

**{¶ 8}** On December 13, 2011, the jury returned a general verdict in favor of Plaintiffs. Further, an interrogatory was submitted to and completed by the jury. The interrogatory asked the jury to "state the total amount of damages that will fairly and completely compensate the plaintiffs for each category of loss." The interrogatory listed "Mary Adkins" and "Timothy Adkins." Under the Mary Adkins heading, the interrogatory had blank spaces for "Medical Expenses," "Pain and Suffering," and "Total (Mary Adkins)." The jury filled in $12,704.12 for Medical Expenses and $11,200.00 for Pain and Suffering, resulting in a total award of $23,904.12 for Mary Adkins. Under the Timothy Adkins heading, the interrogatory had blank spaces for "Spousal Consortium," "Increased Care Burden," and "Total (Timothy Adkins)." The jury filled in $1,000.00 for Spousal Consortium and $1,000.00 for Increased Care Burden, totaling a $2,000.00 award for Timothy Adkins. Finally, the jury filled in $25,904.12 next to the "Total Damages" heading for the Plaintiffs. (Dkt. 78.)

**{¶ 9}** On February 10, 2012, the trial court entered judgment on the jury's verdict in favor of Mary Adkins and Timothy Adkins. (Dkt. 85.) The trial court wrote, in part:

> This matter was before the Court on February 3, 2012 on the
> defendant's motion for a post-verdict setoff in the amount of $6,191.12. * * *

Plaintiff incurred a medical bill from Community Hospital in the amount of $6,191.12. The Ohio Department of Jobs & Family Services (ODJFS) paid $3,309.78 toward that bill. Auto Owners paid $4,179 toward that bill. State Farm paid the full amount of $6,191.12 but was reimbursed in full by American Family Insurance pursuant to an arbitration decision.

Accordingly, Community Hospital received $13,679.90 which is a $7,488.78 overpayment. Plaintiffs paid nothing toward the bill. Plaintiff was awarded judgment in the amount of $25,904.12 which included the $6,191.12 in Community Hospital medical expenses.

Plaintiffs argue that the payment of $6,191.12 by American Family to reimburse State Farm pursuant to the arbitration decision was a voluntary act and should provide no lawful basis for the setoff. However, that arbitration decision was in fact binding upon American Family. * * *

Defendant's motion for a post-verdict setoff in the amount of $6,191.12 is hereby SUSTAINED. Plaintiff cannot expect to receive and retain a jury award for a medical bill that has already been paid by an insurance company and thus receive a windfall in the amount of $6,191.12.

The $25,904.12 jury award shall therefore be setoff by $6,191.12, making judgment against defendant in the amount of $19,713. Of that amount, $11,200 shall be paid to Mary Adkins, $2,000 shall be paid to Timothy Adkins, and the remaining amount of $6,513 shall be paid to the

proper subrogated parties who are the real parties in interest herein including, but not necessarily limited to, ODJFS and Auto Owners.

{¶ 10} The Adkinses filed a timely notice of appeal, raising the following Assignment of Error:

{¶ 11} "THE TRIAL COURT ERRED IN REDUCING THE JURY VERDICT BY AWARDING RECOVERY TO THE SUBROGATED LIENHOLDERS."

{¶ 12} Plaintiffs argue that the trial court erred by (1) reducing the jury verdict through a setoff of $6,191.12 from the jury's award of medical expenses and (2) ordering that Mary Adkins pay to Auto-Owners and ODJFS the remaining $6,513.00 of the medical expenses she was awarded by the jury in order to reimburse them for amounts they purportedly had paid toward Plaintiff's medical bills. We will address these arguments in turn.

The $6,191.12 Setoff

{¶ 13} "Allowance of a setoff is a matter within the sound discretion of the trial court, and the court's decision will not be set aside absent a clear abuse of discretion." *Fickes v. Kirk*, 11th Dist. Trumbull No. 2006-T-0094, 2007-Ohio-6011, ¶ 10 (Citation omitted.) In *AAAA Enterprises, Inc v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990), the Supreme Court held:

> "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1252. It is to be expected that most instances of abuse of discretion will result in decisions

that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.

{¶ 14} Plaintiffs argue that the trial court's setoff of $6,191.12 was improper because American Family's payment to State Farm, pursuant to mandatory inter-company arbitration, was a voluntary payment. Further, according to Plaintiffs, State Farm failed to commence an action against the defendant tortfeasor within the two-year statute of limitations applicable to a suit seeking recovery for bodily injury. R.C. 2305.10.

{¶ 15} The two-year statute of limitations expired on May 22, 2006, two years after the date of the automobile accident. State Farm did not file its complaint against Defendant until 2008. Plaintiffs argue that because the statute of limitations had expired, State Farm could no longer state a valid claim against the tortfeasor, and therefore neither could it have a valid claim against the tortfeasor's insurer, American Family. Because American Family was not legally obligated to pay State Farm any amount on State Farm's subrogated claim, the payment by American Family on behalf of Defendant was a voluntary payment. We do not agree.

{¶ 16} In *Holibaugh v. Cox*, 167 Ohio St. 340, 148 N.E.2d 677 (1958), a plaintiff injured in an automobile collision commenced an action against the tortfeasor within the

two-year statute of limitations applicable to a claim for bodily injury. The plaintiff's insurer was joined as a party plaintiff after the two-year statute of limitations had expired. The Supreme Court found that the unity of interest between the insured and the insurer allowed the insurer to gain the benefit of the insured's timely commencement of the action for statute of limitations purposes. The Supreme Court held, at paragraph one of the syllabus:

> Where an insured is injured by a tort-feasor, is reimbursed for a part of his damages by the insurer and, accordingly, assigns a part of his interest in the claim against the tort-feasor to such insurer, the insured may timely commence an action against the tort-feasor for the full amount of damages resulting from the tort and thereby effect a compliance with the statute of limitations pertaining to such indivisible chose in action as to parties united in interest with him, but the insurer must be joined as a party united in interest at any stage of the action, where he or the plaintiff so moves or where such issue is raised by the defendant tort-feasor. (Citations omitted.)

**{¶ 17}** In the present case, Mary Adkins filed her personal injury claim within the statute of limitations. Defendant Estate of Place moved to add State Farm, Adkins's insurer, as a party after the two-year statute of limitations had expired. After the trial court granted Defendant's motion, State Farm filed a complaint against Defendant, the tortfeasor. State Farm's complaint was filed well after the statute of limitations had expired. However, the Adkinses had commenced their action against Defendant within the two-year statute of limitations. Therefore, pursuant to *Holibaugh*, State Farm gains the benefit of the Adkinses' (its insured's) timely commencement of the action against Defendant.

{¶ 18} Since State Farm's complaint against Defendant was timely filed, American Family's payment to State Farm pursuant to mandatory arbitration was not a voluntary payment. Rather, American Family's payment was a payment that was mandatory pursuant to the arbitration decision and the law of subrogation. The $6,191.12 medical bill had been fully paid by State Farm, not Mary Adkins. And American Family, as Defendant's insurer, paid $6,191.12 directly to State Farm to reimburse State Farm as a subrogated party. American Family thus succeeded to the interests of State Farm with respect to State Farm's right of reimbursement from Mary Adkins from the award for medical expenses she obtained. Based on the particular facts before us, the trial court did not abuse its discretion in ordering that a $6,191.12 setoff in favor of the Estate of Place be applied to the $12,704.12 in medical expenses awarded to Mary Adkins.

The $6,513.00 Reimbursement

{¶ 19} After the trial court ordered a setoff of $6,191.12 to the jury's award of medical expenses to Mary Adkins, that left $6,513.00 in medical expenses owed by Defendant to Mary Adkins. Rather than follow the jury's verdict and interrogatory response, and award the remainder to Mary Adkins, the trial court ordered the remaining $6,513.00 paid to ODJFS and Auto-Owners, which the trial court found were the real parties in interest. Plaintiffs argue that the trial court erred in doing so because Auto-Owners never filed a complaint against

Mary Adkins that would allow the trial court to award to Auto-Owners monies that the jury had awarded solely to Mary Adkins.[2]  We agree.

{¶ 20} The trial court's decision to redistribute the remaining $6,513.00 awarded to the Plaintiffs is different from the setoff that the trial court also ordered.  The setoff was required because Defendant, through its insurer, had already paid part of the judgment for medical expenses when it paid $6,191.12 to State Farm, Mary Adkins's insurer.  Unlike the setoff, the trial court's redistribution of the remainder of Mary Adkins's award for her medical expenses did not reduce the judgment against Defendant.  Rather, the trial court rewrote the jury's verdict by ordering Plaintiffs to give Auto-Owners and ODJFS, both third parties, $6,513.00.

{¶ 21} In essence, the trial court awarded affirmative relief to Auto-Owners and against Mary Adkins by ordering that money the jury awarded to Mary Adkins should instead be paid to Auto-Owners.  However, Auto-Owners failed to file a claim for relief against Mary Adkins.  A trial court, and a jury for that matter, are constrained by the pleadings filed in an action.  Mary Adkins pled a claim for relief against Defendant.  Also, Auto-Owners pled a claim for relief against Defendant.  The jury, however, awarded money damages to the Adkinses, not to Auto-Owners.  Further, Auto-Owners did not plead any claim for relief against the Adkinses or the tortfeasor that would allow the trial court to order Plaintiffs to pay any amount to Auto-Owners.

{¶ 22}  It is undisputed that the Auto-Owners insurance policy that covered the driver of the car in which Mary Adkins was a passenger contained a medical payments provision that

---

[2] **Plaintiffs do not dispute the award to ODJFS.**

provided medical payments coverage for bodily injury caused by an accident involving the driver's car regardless of fault. Presumably, the policy identified and contemplated medical payments coverage for individuals such as Mary Adkins who are injured while passengers in the driver's car. Auto-Owners, as a result of paying benefits to Mary Adkins under the terms of the insurance policy, arguably became subrogated to her rights against Defendant, the tortfeasor, on a third-party beneficiary theory. *Qualchoice, Inc. v. Brotherhood Ins. Co.*, 5th Dist. Stark No. 06CA20, 2007-Ohio-226, ¶ 16. That right is not predicated on a contract between Auto-Owners and Mary Adkins, but on the fact that Mary Adkins accepted benefits from Auto-Owners. Nevertheless, the existence of an inchoate third-party beneficiary relationship between Mary Adkins and Auto-Owners does not automatically entitle Auto-Owners to a share of the monies awarded by the jury to Mary Adkins. Rather, Auto-Owners was required to file a complaint against Mary Adkins on a third party beneficiary claim in order to create a basis on which the trial court could award Auto-Owners any part of the award Mary Adkins obtained against the tortfeasor in the present action. Auto-Owners failed to do that.

{¶ 23} Further, the relationship between Mary Adkins and Auto-Owners is different from the direct, contractual relationship between the insurer and insured in *Holibaugh* that allowed the insurer to gain the benefit of its insured's compliance with the statute of limitations. The driver of the car in which Mary Adkins was a passenger is not a party to this action. The driver of the vehicle, not Mary Adkins, was Auto-Owners's insured. It is undisputed that Auto-Owners did not file its complaint against the Estate of Place within the two-year statute of limitations applicable to actions for bodily injury. In short, there is not the

same unity of interest between Auto-Owners and its insured, or Mary Adkins, that there was between the insurer and insured involved in *Holibaugh*. The complaint and claim for relief Auto-Owners filed against Place, the tortfeasor, is therefore barred by the applicable two-year statute of limitations.

{¶ 24} Based on our review of the record before us, we find that the trial court erred in ordering that any part of the $6,513.00 of the jury's award of medical expenses to Mary Adkins should instead be paid to Auto-Owners. Consequently, the assignment of error is overruled, in part, and sustained, in part. The judgment of the trial court will be affirmed to the extent it ordered a setoff in the amount of $6,191.12, but it will be reversed to the extent it awarded monies to Auto-Owners. The trial court's judgment will be modified to award $19,713.00 to Plaintiffs Mary and Timothy Adkins. The award to ODJFS will be affirmed.

DONOVAN, J., concurs.

HALL, J., concurring in part and dissenting in part:

{¶ 25} The first issue addressed by Appellant in her assignment of error asserts that the claims of the insurers, subrogated as a result of making medical payments on behalf of the plaintiff, were filed beyond the two-year statute of limitation and should have been dismissed. What appellant fails to recognize is that her complaint, which was timely filed, made a claim against the defendant for the same medical expenses. When the court granted the defense motion to join the real parties in interest, State Farm Insurance and Auto-Owners Insurance both filed their complaints as involuntary plaintiffs. As real parties in interest, those parties stepped into the shoes of the original plaintiff for recovery of the medical expenses they had paid. Because the plaintiff's original complaint was timely, the effective substitution of the

two insurance companies to pursue the medical claims that they paid was timely and not barred by the statute of limitation. Accordingly, I agree that the first issue in the assignment of error should be overruled.

{¶ 26} In order to explain my dissent regarding the second issue raised by Appellant, additional facts are essential:

{¶ 27} Mary Adkins was a passenger in her sister-in-law's vehicle when she was injured in a motor-vehicle accident caused by Vernon Place, who was insured by American Family. Mary Adkins was separately insured by State Farm under a policy that had medical payments coverage. In addition, her sister-in-law had insurance coverage with Auto-Owners, which also had medical payments coverage applicable to occupants of the sister-in-law's vehicle.

{¶ 28} Adkins answered interrogatories on June 1, 2007 that, among other things, had asked her to state whether she had received any collateral benefits. (Question 16). She answered: "My insurance company (State Farm) has paid $6,191.12 towards medical bills. Bob and Vicky [the sister-in-law] Adkins' insurance company (Auto-Owners Insurance) has paid $10,000.00."[3] The next question stated: "For each collateral benefit listed in your answer to interrogatory 16, state which ones are subject to rights of recoupment through subrogation, trust agreement, contract lien, or otherwise?" She answered: *State Farm and Auto-Owners*

---

[3] The interrogatories and answers were filed as exhibit A to the defendant's Motion to Exclude Medical Expenses filed October 3, 2011.

*Insurance*."*Id.* (Emphasis added). Months later, her deposition was taken on December 17, 2007. She again admitted that State Farm and Auto-Owners paid for her medical bills.[4]

{¶ 29} On April 3, 2008, the defense filed a "Motion to Join Subrogated Parties," specifically State Farm and Auto-Owners insurance, asserting that they were the real parties in interest for recovery of the medical bills that they paid. The plaintiff did not oppose this motion. On April 29, 2008, the trial court sustained the motion. On June 3, 2008, State Farm filed a complaint as an involuntary plaintiff for recovery of medical expenses it paid. Auto-Owners filed its complaint as an involuntary plaintiff on August 11, 2008.

{¶ 30} The case then languished due to a purported settlement that had been enforced by the trial court. At that time, the court stated: "The Court most certainly understands that there are four claimants in this case: (1) Mary Adkins, (2) Tim Adkins [her husband], (3) State Farm, and (4) Auto-Owners." (Entry filed August 27, 2008, Dkt. #31). The entry ordered enforcement of the settlement, including repayment of the subrogated claims of State Farm and Auto-Owners. The settlement order was appealed to this court, which reversed and remanded for a hearing on whether the plaintiff had authorized a settlement. Rather than submit to such a hearing, the plaintiff voluntarily dismissed the complaint under Civ. R. 41(A), on January 21, 2010, and promptly re-filed it in Delaware County Common Pleas Court on February 1, 2010. Although the independent claims of State Farm and Auto-Owners were not dismissed in Clark County, Auto-Owners intervened in Delaware County to protect its interests. The plaintiff did not file anything in response to the intervening complaint.

---

[4] Mary Adkins Deposition at 69-70.

Eventually, the Delaware County case was nearing trial. In a February 3, 2011 filing, counsel for Auto-Owners explained: "Auto-Owner's counsel has discussed the possibility of stipulating to Auto-Owners subrogation claim at the trial of this matter. Both Plaintiff's and Defendant's counsel have indicated they will endeavor to agree to some type of stipulation. Auto-Owner's counsel anticipates such stipulation will be agreed upon during the Final Pretrial set for February 7, 2011." However, in a judgment entry filed February 7, 2011, the Delaware County Common Pleas Court transferred the case back to Clark County, finding that "plaintiff is forum shopping after receiving an adverse ruling in Clark County." (Judgment Entry Granting Defendant's Motion to Transfer Venue to Clark County at 2).

{¶ 31} Once back in Clark County, the trial court held that the case had not been settled, and the matter was reset for trial. Auto-Owners did not participate in the trial. State Farm had already been reimbursed from American Family as a result of intercompany arbitration. As indicated, the court already had determined that State Farm and Auto-Owners were real parties in interest and that the plaintiff had admitted the two insurers had a claim for reimbursement. It is readily apparent that there were no factual issues relating to the subrogation claims, and the court permitted the presentation of medical bills, without the introduction of insurance rights for reimbursement, as suggested by defense counsel in a Reply Memorandum in Further Support of Motion to Exclude Evidence, filed October 18, 2011 (Dkt. #72), in order not to prejudice or diminish the plaintiff's claims in the jury's view. The reimbursement claims then could be resolved on purely legal issues after the verdict. In routine personal-injury trials subrogated insurers often will not participate at trial to avoid

introduction of the specter of insurance, or insurance subrogation, with post-verdict resolution of those claims. That is precisely what the trial court did here.

{¶ 32} I note that it is the duty of the appellant to demonstrate the error asserted. The plaintiff did not submit a transcript of any of the trial proceedings, or, if one exists, of the hearing set for February 3, 2012 concerning post-verdict set offs. In that circumstance, we should presume the regularity of the trial court's proceedings. *Natl. City Bank v. Beyer*, 89 Ohio St.3d 152, 160, 2000-Ohio-126, 729 N.E.2d 711, 718 (presuming regularity of trial court's proceedings and judgment where a transcript either was not prepared or was not included in the record).

{¶ 33} The majority decision allows partial payment for Mary Adkins' hospital bill, *for the fifth time*. First, Auto-Owners' payment to Mary Adkins of the remaining $4,179.00 of its applicable $10,000.00 coverage was to reimburse her for the $6,191.12 hospital bill. (Exhibit C to Motion to Exclude Medical Expenses filed October 3, 2011). Second, State Farm paid the same bill (and claimed subrogation). *Id.* (Exhibit D). Third, the Ohio Department of Job and Family Services paid the bill, although in a reduced amount. *Id.* (Exhibit B).[5] Fourth, American Family reimbursed State Farm for payment of the bill as a result of intercompany arbitration. *Id.* (Exhibits E & F). Fifth, the majority allows Mary Adkins to keep all insurance proceeds paid to her by Auto-Owners, including the part for reimbursement of the hospital bill. The majority opinion reaches this result based on a belief that Auto-Owners had to bring an action against Mary Adkins. I disagree.

---

[5] ODJFS evidently was reimbursed when it was later discovered that the plaintiff had other applicable insurance benefits.

{¶ 34} Auto-Owners was the real party in interest with regard to its payment of medical bills causally related to the accident. As indicated in Auto-Owners' brief: "Auto-Owners was not present for this portion of the trial by agreement of counsel, and the jury did not consider any insurance payments." (Brief of Auto-Owners filed January 25, 2012, at 2). Plaintiff's reply brief does not challenge this assertion. The reply brief again raises the statute-of-limitation issue, and, for the first time, claims Auto-Owners did not assert a claim against Mary Adkins. But as a subrogated party and a real party in interest, Auto-Owners had no reason to do so.

{¶ 35} In ordering part of the jury award to be paid to Auto-Owners, the trial court recognized that the insurance company was a subrogated party. (Dkt. #85 at 1). The majority notes that Auto-Owners "arguably became subrogated" to Mary Adkins' rights to the extent that it paid her benefits. The majority correctly observes that such a subrogation right was not contractual, as there is no evidence of a contract between Auto-Owners and Mary Adkins.[6] Instead, Auto-Owners had a right to legal or equitable subrogation under which a "subrogee steps into the shoes of the subrogor * * *." *Blue Cross and Blue Shield of Ohio v. Hrenko*, 8th Dist. Cuyahoga No. 63907, 1993 WL 398508, *2 (Oct. 7, 1993). The subrogor in the present case was Mary Adkins.

{¶ 36} The trial court also recognized that Auto-Owners was a "real party in interest" to the extent that it paid Mary Adkins benefits. For that reason, the trial court sustained an unopposed motion by Defendant Estate of Place to join Auto-Owners as a party under Civ.R.

---

[6] We do not know whether Adkins' application for medical payments benefits involved a contract for reimbursement because no such documentation is of record.

19. (Dkt. #12). The phrase "real party in interest" means "'one who has a real interest in the subject matter of the litigation, and not merely an interest in the action itself, i.e., one who is *directly* benefitted or injured by the outcome of the case.'" (Emphasis sic). *Countrywide Home Loans, Inc. v. Swayne*, 2d Dist. Greene No. 2009 CA 65, 2010-Ohio-3903, ¶28, quoting *Shealy v. Campbell*, 20 Ohio St.3d 23, 24, 485 N.E.2d 701 (1985). To the extent that Auto-Owners qualified as a real party in interest, it essentially took the place of Mary Adkins, having a direct interest in the lawsuit and being entitled to reimbursement from the tortfeasor for the benefits it paid her.

{¶ 37} I am unpersuaded that Auto-Owners, as a subrogated party and a real party in interest, was required to file a claim *against* Mary Adkins, the person from whom it derived its status and with whom its interests were aligned. As a subrogee, Auto-Owners stepped into Mary Adkins' shoes. As a real party in interest, Auto-Owners took the place of Mary Adkins to the extent that it was entitled to reimbursement from the tortfeasor. If Auto-Owners had not been joined as a party, I would agree that it would not be entitled to a portion of the jury award. Its only recourse would be to file a separate action to obtain compensation from Mary Adkins. But Auto-Owners was joined as an involuntary plaintiff. That being so, I see no reason why it should be required to sue Mary Adkins to obtain reimbursement from the tortfeasor's estate, which also was a party. This is particularly true given Mary Adkins' prior admission that Auto-Owners had paid her medical bills and was entitled to subrogation.

{¶ 38} Finally, it is difficult to reconcile the trial court's order to reimburse $62.31[7] to ODJFS, which was not a party. Although medical-reimbursement information was available and exchanged, there is nothing in the record, or the court's decision, to indicate how that resolution was reached. On that issue alone, I would remand the matter to the trial court to clarify how it arrived at its conclusion.

Copies mailed to:

T. Jeffrey Beausay, Esq.
Michael C. Mahoney, Esq.
Mark J. Sheriff, Esq.
Dale D. Cook, Esq.
Hon. Douglas M. Rastatter

---

[7] The trial court does not specifically refer to this amount as what is due to ODJFS. But the plaintiff admits in her brief that $62 is the amount of the claimed reimbursement. And the reimbursement documentation (Exhibit B to Motion to Exclude Medical Expenses filed October 3, 2011), if the hospital bill refunded to ODJFS is deleted, reveals the medicaid claim is $62.31.