[Cite as *Osborne v. Leroy Twp.*, 2017-Ohio-1506.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**


RICHARD M. OSBORNE,           :        **O P I N I O N**
TRUSTEE, et al.,
                              :

        Plaintiffs-Appellants,
                              :

                              :        **CASE NO. 2015-L-118**

  - vs -
                              :

LEROY TOWNSHIP,
                              :

        Defendant-Appellee.


Criminal Appeal from the Lake County Court of Common Pleas, Case No. 12 CV 002089.

Judgment: Affirmed.


*William T. Wuliger*, and *Amy A. Wuliger*, Wuliger, Fadel & Beyer, LLC, The Brownell Building, 1340 Sumner Avenue, Cleveland, OH 44115 (For Plaintiff-Appellants).

*Abraham Cantor*, Johnnycake Commons, 9930 Johnnycake Ridge Road, #4-F, Concord, OH 44060 (For Defendant-Appellee).


THOMAS R. WRIGHT, J.


{¶1} Appellants, Richard M. Osborne, Trustee, and Great Plains Exploration, L.L.C., appeal the trial court's summary judgment ruling against them. They contend that the trial court misinterpreted the Leroy Township zoning resolution preventing them from maintaining an outdoor sign. For the following reasons, we affirm.

{¶2} This appeal is the second time appellants have sought review of a

summary judgment ruling.  In *Osborne v. Leroy Twp.*, 11th Dist. Lake No. 2014-L-008, 2014-Ohio-5774, our opinion states the essential facts:

{¶3}  "Osborne owns land located at the interchange of Interstate 90 and Vrooman Road in Leroy Township, Lake County, Ohio.  The parcel is vacant except for an oil and gas well that is owned by Great Plains Exploration.  As the operator of the well, Great Plains Exploration is the holder of all necessary state permits governing the production of the oil and gas.

{¶4}  "In addition to the well, the parcel has a roadway running from the site of the well to Vrooman Road.  Due to the nature of the vehicles using the roadway, it needs to be constantly repaired.  To facilitate these repairs, Osborne and Great Plains Exploration, appellants, maintain piles of concrete and asphalt debris on the property.  Moreover, to facilitate their accumulation of the debris, they erected a sign at the front of the parcel that reads:  WE TAKE CONCCRETE & ASPHALT.

{¶5}  "In March 2010, appellants filed an application for a permit to have the sign.  As part of the application, they explained that the concrete and asphalt debris would be 'stored' in piles on the property, and that the debris would be used to repair the existing roadway.  Approximately one month later, [Leroy Township's] zoning inspector sent appellants a letter stating that neither the sign nor the storage of the debris on site are permissible under the township zoning resolution.  In relation to the storage or accumulation of the debris, the inspector cited two different sections of the zoning resolution supporting his determination.  However, the letter also stated that the zoning resolution does not forbid appellants from bringing the debris upon the parcel and immediately applying it to the roadway.

2

{¶6}  "In addition, the zoning inspector's letter stated that appellants could apply for a conditional use permit regarding the storage of the concrete and asphalt debris, and a variance for the proposed sign.  Instead of attempting to obtain the permit or variance, appellants erected the sign and began to accumulate the debris.  This ultimately led to a criminal action against Osborne in a local municipal court.  Before that case proceeded to trial, the parties negotiated a settlement under which appellants agreed to remove the sign in exchange for dismissal."  *Id.* at ¶2-5.

{¶7}  Prior to settlement, appellants filed the underlying case for declaratory judgment and injunctive relief.  Essentially, they alleged that Leroy Township, appellee, does not have the authority to control the accumulation of the debris or the erection of the sign because the regulation of oil and gas wells is pre-empted by state law.

{¶8}  After the case was pending for approximately one year, appellee moved the trial court for summary judgment on appellants' entire complaint.  Four months later, in January 2014, the trial court rendered its first final order, granting appellee's motion and entering final judgment in its favor.  As to the storage of concrete and asphalt debris on the property, the court concluded that appellee has the authority to ban storage because the state statutory scheme governing oil and gas wells, R.C. Chapter 1509, does not contain any conflicting provisions.  Regarding the sign, the trial court again held that appellee has the authority to regulate outdoor signs, and that the zoning inspector correctly concluded that appellants' sign is unpermissible under section 22.11 of the township zoning resolution.

{¶9}  On appeal from the first final order, this court upheld the trial court's ruling on the storage of concrete and asphalt debris.  As to the sign, though, we reversed the

3

trial court's determination that section 22.11 governs. *Osborne*, 2014-Ohio-5774, at ¶54. Our opinion noted that section 23 of the zoning resolution governs the placement and maintenance of outdoor signs throughout the township, not section 22.11. *Id.* at ¶55. We further noted that, due to the lack of evidence, the record would not allow the resolution of the issue concerning whether appellants' sign was permissible under section 23. *Id.* at ¶56. Thus, we remanded, permitting the parties to raise argument and submit evidence required. *Id.*

{¶10} On remand, appellee again moved the trial court for summary judgment on the sign dispute. Appellee argued that section 23.05 precludes outdoor signs on the subject property unless it relates to a business activity taking place on the land. Appellee further contended that, since appellants were not engaged in any business activity permitted in a "special interchange" district, they needed a variance.

{¶11} In response, appellants maintained that the at issue property contains a building from which Osborne conducts business associated with the oil and gas well. Based upon this, they argued that business activity was occurring on the property, and that their "concrete and asphalt" sign was related to that activity. In support, appellants attached to their response Osborne's affidavit regarding his actions on the property.

{¶12} In September 2015, the trial court granted summary judgment in favor of appellee on the remainder of appellants' complaint. In interpreting section 23.05, the trial court concluded that, to be permissible, the outdoor sign must advertise the business located on the property. In light of this, the court held that appellants' sign was not permissible because the sign's reference to the acceptance of concrete and asphalt for the roadway did not "advertise the oil and gas business."

4

{¶13} In pursuing this second appeal, appellants assign the following as error:

{¶14} "[1.] The trial court erred in granting summary judgment to Leroy Township by interpreting Section 23.05 of Leroy Township's zoning regulations in a manner that violates well-established rules of statutory construction.

{¶15} "[2.] Section 23.05 of Leroy Township's zoning regulations as interpreted by the trial court violates the First Amendment of the United States Constitution and Article I, Section 11 of the Ohio Constitution."

{¶16} Under the first assignment, appellants contest the trial court's conclusion as to the correct interpretation of section 23.05. They maintain that the trial court's narrow interpretation is improper because it has the effect of adding words to the provision that are not present. Specifically, appellants state that, by holing that the acceptance of concrete and asphalt debris is not a "service rendered" to the public by his business, the court incorrectly construed section 23.05 as requiring a direct relationship between the service and the primary purpose of the business. As to this point, they contend that their acceptance of the debris is a benefit their oil and gas business provides to the public.

{¶17} As noted above, the at issue property is located near the intersection of a local road and a four-lane highway. Thus, the land is zoned as a "special interchange" district. That type of district/zone is governed by the provisions of the resolution's section 29. In relation to signs, section 29.03 requires signs to comply with section 23.

{¶18} Section 23 governs all outdoor signs in all districts within the township. In reviewing the general provisions of this section, the trial court provided this summary in its analysis:

5

{¶19} "Section 23.03 permits certain types of signs in all districts. Specifically, it permits construction signs, entrance and exit signs for parking lots, civic organization temporary signs, and signs relating to wind farms, none of which appear applicable to the sign at issue in this case. Section 23.05 regulates signs in non-residential districts. It permits all signs permitted in residential districts. Section 23.04 regulates signs in residential districts. It only permits identification signs, subdivision signs, directional signs and temporary signs, such as political signs and 'for sale' signs, none of which appear applicable in this case."

{¶20} In addition to allowing any sign that is permissible in a residential district, section 23.05 has two provisions governing "Off Premises Signs" and "On Premises Signs." As to the first type of sign, the provision indicates that such signs are known as billboards and are not allowed anywhere in Leroy Township. In relation to the second type, section 23.05 states:

{¶21} "On Premises Signs shall be permanent signs, which may be illuminated, shall be limited to advertising the proprietor or company, or the brand name and the goods sold or services rendered * * *."

{¶22} In construing this provision, the trial court held that it only allows signs that "advertise the business" located on the underlying property. As noted above, the sign in this case only stated: "WE TAKE CONCRETE & ASPHALT." Applying the provision to this language, the court concluded that the sign is not permissible because it does not advertise any "goods sold or services rendered" by appellants' business.

{¶23} "Zoning ordinances are in derogation of the common law and tend to deprive the land owner of lawful use of the land. *Saunders v. Clark Cty. Zoning Dept.*

6

(1981), 66 Ohio St.2d 259, 261, 421 N.E.2d 152. Consequently, ordinances which restrict the use of private property are strictly construed in favor of the land owner and their scope cannot be extended to include limitations not clearly prescribed. Id. Since zoning ordinances 'deprive property owners of certain uses of their property, they will not be extended to include limitations by implication.' *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 152, 2000-Ohio-493, 735 N.E.2d 433.

**{¶24}** "If the ordinance language is unambiguous, courts apply the plain and ordinary meaning of the words. *Roxane Laboratories, Inc. v. Tracy* (1996), 75 Ohio St.3d 125, 127, 1996-Ohio-257, 661 N.E.2d 1011. Unambiguous language does not require court interpretation or application of the rules of statutory construction. *4522 Kenny Rd., L.L.C. v. Columbus Bd. of Zoning Adjustment*, 152 Ohio App.3d 526, 2003-Ohio-1891, ¶13, 789 N.E.2d 246. Rather, the 'court must only read and follow the words of the ordinance.' Id." *Bd. of Trustees of Springfield Twp. v. Anderson*, 6th Dist. Lucas No. L-06-1014, 2007-Ohio-1530, ¶10-11.

**{¶25}** Similarly, as a general rule of statutory construction, a "'statute should be given that construction, unless such is prohibited by the letter of the statute, which will accord with common sense and reason and not result in absurdity or great inconvenience.'" *Paulus v. Paulus*, 95 Ohio App.3d 612, 614, 643 N.E.2d 165 (1994), quoting *Kundrat v. Kundrat*, 11th Dist. Lake No. 92-L-097, 1993 Ohio App. LEXIS 1218 (Feb. 26, 1993).

**{¶26}** The applicable language of Section 23.05 is unambiguous; accordingly, there is no need for the trial court to apply rules of construction. The provision plainly states that on-premises signs can advertise the "company, or the brand name and the

7

goods sold or services rendered." As the sign does not advertise the company, brand name, goods sold, or services rendered, it is noncompliant.

{¶27} Appellants' first assignment lacks merit.

{¶28} Under their second assignment, appellants assert that section 23.05 is unconstitutional because it violates their right to free speech under the First Amendment. They failed, however, to raise this in the trial court.

{¶29} When a party fails to assert a constitutional issue to the trial court, we review for plain error. *In re: J.F.*, 11th Dist. Trumbull No. 2011-T-0078, 2011-Ohio-6695, ¶34. Section 23.05 of the resolution limits permanent signs to stating the name of the business located on the property or the goods sold. In light of the clarity of the provision, appellants were placed on notice that the trial court would be obligated to interpret and apply the provision in determining whether their sign was barred under the section. Accordingly, their First Amendment argument should have been presented to the trial court.

{¶30} This court rejects appellants' contention that the alleged First Amendment violation rises to the level of a plain error. In the context of civil appeals, the plain error doctrine is not favored and, thus, can only be invoked under exceptional circumstances. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus. That is, a plain error is one that "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the judicial process itself." *Id.* Appellants have not established that a manifest miscarriage of justice will occur if we do not address their First Amendment argument.

{¶31} Appellants' second assignment is also without merit.

8

{¶32} The judgment of the Lake County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, concurs in judgment only.