[Cite as *Mandzuch v. Affordable Reasonable Rentals, L.L.C.*, 2019-Ohio-2092.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| SHANNON MANDZUCH, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-G-0179** |
| AFFORDABLE REASONABLE RENTALS, LLC, | : | |
| | : | |
| Defendant-Appellant. | | |

Civil Appeal from the Chardon Municipal Court, Case No. 2018 CVI 00287.

Judgment: Affirmed.


*Mitchell L. Alperin*, 29325 Chagrin Blvd., Suite 305, Pepper Pike, OH 44122 (For Plaintiff-Appellee).

*Donald Gallick*, 190 North Union Street, Suite 102, Akron, OH 44304 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Affordable Reasonable Rentals, LLC ("ARR"), appeals a judgment in the Chardon Municipal Court, Geauga County, in favor of appellee, Shannon Mandzuch, ("Mandzuch") for an unreturned security deposit, statutory damages, and attorney fees. We affirm the trial court's judgment.

{¶2} The facts leading up to the dispute between the parties are simple and straightforward. In August 2016, Mandzuch entered into a one-year lease with ARR for

the property located at 201 Hilltop Drive, Chardon, Ohio. Pursuant to the lease, Mandzuch provided a security deposit in the amount of $950.00. At the conclusion of the lease, ARR kept the security deposit without explanation. After multiple attempts to contact ARR's owner, Joseph Ernst ("Ernst"), Mandzuch retained counsel and filed suit in small claims court for the recovery of her security deposit, as well as for statutory damages under the "Landlord Tenant Act," codified in R.C. 5321 et seq., and reasonable attorney fees as provided under the statute.

{¶3}  The complaint was filed on April 18, 2018, and a trial on the matter was set for May 24, 2018. On May 18, 2018, ARR, through Ernst, filed a motion to continue the trial, which was granted. The trial was reset for June 7, 2018.

{¶4}  On May 31, 2018, ARR filed a counterclaim and raised a litany of damages allegedly caused by Mandzuch. The counterclaim sought $2,000.00 for the damages.

{¶5}  On June 6, 2018, Ernst filed a second motion to continue the trial set for the next day and presented the court with a doctor's note indicating that he was ill. The trial court granted the continuance, and the trial was held on June 14, 2018. Present at the trial were Mandzuch, Ernst, and a witness for Mandzuch who was sworn in and identified as Christopher Bray ("Bray").

{¶6}  Mandzuch testified that she was a tenant of ARR and had not received her security deposit—or any explanation whatsoever regarding it—after her lease ended in August 2017. She also claimed that the allegations contained in the counterclaim were false and that many of the damages alleged in the counterclaim existed prior to the time she took over occupancy. Further, Mandzuch testified that a walkthrough of the residence occurred on August 31, 2017, at which Ernst indicated that "everything looked great" and

2

she would receive her full security deposit within 30 days. Bray claimed that he was present during the walkthrough and also corroborated some of Mandzuch's testimony about the preexistence of damages and the condition of the residence during the walkthrough.

{¶7} Mandzuch also testified regarding her attempts to contact Ernst. In addition to providing a forwarding address at the time of the walkthrough, Mandzuch claimed that she called, texted, and visited Ernst's business on multiple occasions, but she was unable to get in contact with him. Thereafter, she sent him a certified letter dated November 23, 2017, which was signed for at Ernst's business in Chardon. Additionally, Mandzuch's counsel sent a demand letter to the same address dated March 2, 2018. Ernst did not respond to any of these attempts to contact him.

{¶8} Ernst testified there were various plumbing issues, landscaping issues, and other damages that were included in the counterclaim throughout the term of the lease. He also stated that he never received a forwarding address in August 2017 and that he had no forwarding address until at least November 2017.

{¶9} Ernst further testified that he had never provided Mandzuch with an itemized list of damages as required by statute and that he was unaware he had to provide a written itemization within 30 days detailing the expenses that were being sought from the security deposit funds. He stated that he spoke to Mandzuch on the phone regarding damages to the carpeting but that no written notice was given. He also submitted to the court a move-out checklist for damages, but it was not completed by Mandzuch at the time of the walkthrough or thereafter. The following exchange occurred when the court questioned Ernst regarding the checklist:

3

The Court: All right. So you produced this [checklist] after or –

Mr. Ernst: That was left for her and it was never filled out. It was just never done.

The Court: Is this to move in or check out? Check out, the checklist. So you left this for her and she never filled it out?

Mr. Ernst: It was never filled out.

The Court: And did you bring it up when you went through the walk-through?

Mr. Ernst: No, because if they had time to walk through – it was there. It was [sic] basically said it wasn't needed. And –

The Court: Did you accept that?

Mr. Ernst: – I always try to do this – I'm sorry?

The Court: Did you accept that when she said, "Hey, I don't need to fill this out?"

Mr. Ernst: It's – it's their right. I mean, I'm – I'm not there to challenge them. I'm not there to create an issue. When somebody comes through a walk-through, you know, and they have a friend that's – that's with them, I'm not going to be confronted. I mean, it was – it was pretty plain and simple, it was just going to be a – an issue of this is what it is and that's it.

{¶10} Mandzuch presented the lease to the court, as well as over 100 pages of text messages between herself and Ernst dating back to the start of the lease. These text messages related in part to damages to the house that predated the tenancy and suggest that Ernst was notified of the damages throughout the term of the lease. Further, the text messages confirmed that a walkthrough occurred on August 31, 2017, and that the same forwarding address contained in the November certified letter was texted to Ernst that same day. In addition, Mandzuch presented a bill for attorney fees and an affidavit from her attorney attesting to the reasonableness of the fees.

4

**{¶11}** Ernst presented an itemized list of damages dated November 23, 2017—nearly three months after the end of the lease—as well as an affidavit from the current tenants regarding the condition of the residence at the time they took over occupancy in September 2017. As noted above, however, Ernst acknowledged the itemized list of damages was not given to Mandzuch. The checklist discussed above was also presented, as well as a citation from the City of Chardon regarding a landscaping violation for the property dated June 8, 2017.

**{¶12}** After hearing the testimony and reviewing the evidence submitted by the parties, the magistrate issued a decision on July 5, 2018, in which he stated that Mandzuch was the more credible party. The magistrate recommended an award of damages in the amount of two times the security deposit and attorney fees, for a total amount of $4,212.50, minus the $95.00 filing fee, along with court costs. He also recommended judgment in favor of Mandzuch on ARR's counterclaim. On September 10, 2018, the trial court adopted the magistrate's decision without modification and denied ARR's request for findings of fact and conclusions of law.

**{¶13}** ARR filed a timely notice of appeal and raises five assignments of error.

**{¶14}** ARR's first assignment of error states:

**{¶15}** "The instant case should be remanded for a new trial as the magistrate did not invite either side to conduct cross-examination of any testimony, allowed repeated interruption of witnesses, and violated the right to due process under the Ohio and U.S. Constitutions."

**{¶16}** An appellate court cannot consider issues or claims that were not raised in the lower court. *Ray v. Petersen*, 11th Dist. Geauga No. 2001-G-2387, 2002-Ohio-6575,

5

¶9 ("[i]t is axiomatic that a party cannot raise issues for the first time on appeal that were not raised below"); *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81 (1997) (citations omitted) ("[o]rdinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed").

**{¶17}** Further, we note that no constitutional issues were raised at trial, and they are asserted for the first time in this appeal. Pursuant to *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus, the "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue * * * and therefore need not be heard for the first time on appeal." *See also State v. Gordon*, 28 Ohio St.2d 45 (1971), paragraph two of the syllabus.

**{¶18}** The waiver doctrine stated in *Awan* is discretionary. *In re M.D.*, 38 Ohio St.3d 149 (1988), syllabus. Even though this court has the jurisdiction to review the alleged denial of constitutional rights that were not raised at the trial level, this discretion will not ordinarily be exercised to examine a claim that existed prior to or at the time of trial. *State v. Schlee*, 11th Dist. Lake No. 98-L-187, 1999 WL 1313651, *10 (Dec. 17, 1999). When a party fails to assert a constitutional issue to the trial court and we do exercise jurisdiction, however, we review for plain error. *Osborne v. Leroy Twp.*, 11th Dist. Lake No. 2015-L-118, 2017-Ohio-1506, ¶29, citing *In re: J.F.*, 11th Dist. Trumbull No. 2011-T-0078, 2011-Ohio-6695, ¶34.

**{¶19}** Finally, ARR acknowledges that the Ohio Rules of Evidence do not apply in the small claims division. *Cunningham v. Miller*, 11th Dist. Trumbull No. 2009-T-0092, 2010-Ohio-2526, ¶27, citing Evid.R. 101(c)(8). "'[B]y design, proceedings in small claims

courts are informal and geared to allowing individuals to resolve uncomplicated disputes quickly and inexpensively. Pro se activity is assumed and encouraged. The process is an alternative to full-blown judicial dispute resolution.'" *Powers v. Gawry*, 11th Dist. Geauga No. 2009-G-2883, 2009-Ohio-5061, ¶12, quoting *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, ¶15; *see also Carson v. Holmes*, 11th Dist. Portage No. 2010-P-0007, 2010-Ohio-4199, ¶40.

**{¶20}** "Inasmuch as the rules of evidence do not apply to small claims proceedings, the reliability, credibility, and admissibility of evidence are determined by the trial court." *Karnofel v. Girard Police Dept.*, 11th Dist. Trumbull No. 2004-T-0145, 2005-Ohio-6154, ¶18. "The regularity of the trial court's proceedings must be presumed." *Id.*

**{¶21}** Considering these principles, we acknowledge the concerns raised by ARR. However, the facts in this case are relatively simple and straightforward. After reviewing the transcript and exhibits, we find no fundamental lack of fairness that would amount to plain error.

**{¶22}** ARR's first assignment of error is without merit.

**{¶23}** ARR's second assignment of error states:

**{¶24}** "The trial court's finding that the entire amount of the deposit was refundable is against the manifest weight of the evidence, and therefore the judgment on the complaint and counterclaim must be vacated and remanded."

**{¶25}** For a manifest weight of the evidence challenge, "'[t]he [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must

7

be reversed and a new trial ordered.'" *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶20, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983) (citations omitted); *see also Meeker R & D, Inc. v. Evenflo Co.*, 11th Dist. Portage Nos. 2014-P-0060 & 2015-P-0017, 2016-Ohio-2688, ¶40.

{¶26} Further, weight of the evidence concerns "'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" *Cunningham v. Protect Autoworks*, 11th Dist. Portage No. 2015-P-0066, 2016-Ohio-4745, ¶17 (citations omitted) (emphasis deleted), quoting *Eastley*, *supra*, at ¶12.

{¶27} There is a presumption that the findings of the trier of fact are correct because the trier of fact has had the opportunity "'to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" *Smith v. Evaline's Bridal*, 11th Dist. Trumbull No. 2009-T-0014, 2009-Ohio-6520, ¶13, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984); *see also* 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191-192 (1978) ("[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * * If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment.").

{¶28} At trial, testimony and exhibits were presented by Mandzuch and a corroborating witness. Ernst also testified and provided exhibits. The court was entitled

to assess the credibility of this testimony and evidence, and ultimately conclude that Mandzuch and her explanation of events was more credible. *See Karnofel v. Watson*, 11th Dist. Trumbull No. 99-T-0052, 2000 WL 852698, *1 (June 23, 2000) (determinations as to the credibility of witnesses and the weighing of evidence in a small claims matter are tasks "for the trier of fact, not the appellate court"); *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 23 (1990).

{¶29} ARR's reliance on *Nieto v. Marcellino*, 11th Dist. Geauga No. 2017-G-0146, 2018-Ohio-4952, is misplaced. In *Nieto*, the landlord provided a list of different repairs and costs that she contended should be deducted from the security deposit, ultimately leaving only $102.29 remaining of the deposit. We held that where costs are deducted from a security deposit for credible expenses, the proper award would be two times the remaining balance after the deducted expenses, regardless of whether the landlord failed to meet the 30-day notification requirement under R.C. 5321.16. In that case, the trial court did not address what expenses were proper deductions, and we remanded the case for the court to determine that amount. *Id.* at ¶21.

{¶30} In the case sub judice, no notice of damages was ever proffered by ARR until shortly before trial—almost one year later—in the form of a counterclaim. The court evaluated the evidence, including the text messages between the parties, testimony concerning the walkthrough and condition of the premises on the date the tenant vacated, and the affidavit of the current residents provided by Ernst. It concluded that Mandzuch's account of events was more persuasive.

{¶31} Hence, unlike in *Nieto*, the court addressed the damages claimed in the counterclaim and ruled in favor of Mandzuch. The court concluded that there was no

9

justification for withholding any expenses because Mandzuch's testimony that the residence was in good condition during the walkthrough and that Ernst had no complaints from which to assess damages was the more credible version of events. In making that determination, the trial court was in the best position to assess the evidence and credibility of the witnesses, and it was not against the manifest weight of the evidence.

**{¶32}** ARR's second assignment of error is without merit.

**{¶33}** ARR's third assignment of error states:

**{¶34}** "The trial court erred in adopting the magistrate's award of double damages and attorney fees because appellee failed to provide a forwarding address in writing within thirty-days of the end of the lease, as required by R.C. 5321.16(B)."

**{¶35}** "'We review the adoption of a magistrate's decision by a trial court for abuse of discretion.'" *Carson, supra*, at ¶23, quoting *Montecalvo v. Am. Family Ins. Co.*, 11th Dist. Trumbull No.2006-T-0074, 2006-Ohio-6881, ¶5. "Abuse of discretion" is a term of art, describing a judgment neither comporting with the record, nor reason. *Id.*, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). Put another way, an abuse of discretion is the trial court's failure to exercise sound, reasonable, and legal decision-making. *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). Further, an abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.).

**{¶36}** R.C. 5321.16 governs the obligations for tenants and landlords regarding security deposits. Sections (B) and (C) state:

10

(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.

(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees.

{¶37} In the present matter, Mandzuch presented nearly one year of text messages between herself and Ernst. These messages show a consistent line of communication between the parties and a text message on August 31, 2017, which provided a forwarding address in written form. This was the same day as the final walkthrough. The P.O. Box provided in the text message to Ernst is the same address consistently used by Mandzuch in future correspondence regarding the forwarding address. Therefore, ARR is incorrect in stating that a forwarding address was not provided in writing in accordance with R.C. 5321.16(B).

{¶38} The record before this court establishes that the trial court did not abuse its discretion by adopting the magistrate's decision. We determine that the magistrate's decision was supported by competent, credible evidence, the trial court appropriately fulfilled its obligations, and did not act unreasonably, arbitrarily, or unconscionably in reviewing or adopting the magistrate's decision.

11

{¶39} ARR's third assignment of error is without merit.

{¶40} ARR's fourth assignment of error states:

{¶41} "The trial court erred as a matter of law by awarding attorney fees as damages instead of costs."

{¶42} In support of its assignment of error, ARR cites the following holding from this court, which held, consistent with other district courts, that "'attorney fees * * * are to be taxed as *costs*, not as damages.'" *Lacare v. Dearing*, 73 Ohio App.3d 238, 241 (11th Dist.1991) (emphasis sic.), quoting *Berlinger v. Suburban Apt. Mgt. Co.*, 7 Ohio App.3d 122, 126 (8th Dist.1982); *see also Drake v. Menczer*, 67 Ohio App.2d 122, 124 (8th Dist.1980). "[C]osts cannot be properly determined until after the trial is over." *Id.* at 242. "The purpose of the penalty provision in R.C. 5321.16(C) is 'to enable a tenant to recover the wrongfully withheld portion of his security deposit at no cost to himself.'" *Id.* at 241, quoting *Berlinger*, *supra*, at 125, citing *Sherwin v. Cabana Club Apts.*, 70 Ohio App.2d 11, 17 (8th Dist.1980).

{¶43} The Ohio Supreme Court has plainly held that "[a]ttorney fee awards made pursuant to R.C. 5321.16(C) are to be assessed as costs." *Christe v. GMS Mgt. Co.*, 88 Ohio St.3d 376 (2000), syllabus. Review of case law in this area reveals numerous reasons for this rule, all of which are inapposite to the present matter.

{¶44} First, as identified in the cases cited by ARR, "[s]ubmission of the fee question *to the jury* would produce a cumbersome and awkward procedure." *Drake*, *supra*, at 125 (emphasis added). Second, requiring a tenant to try the issue of attorney fees as damages, *when the matter is heard by a jury*, could thwart the purpose of the statute, which is "'to enable a tenant to recover the wrongfully withheld portion of his

12

security deposit at no cost to himself.'" *Lacare*, *supra*, at 241, quoting *Berlinger*, *supra*, at 125. Third, if attorney fees are considered damages, rather than costs, it could affect whether a case is, or properly remains, within the jurisdictional limit of a small claims court. Pursuant to R.C. 1925.02(A)(1), the damage limit in small claims courts is "*exclusive* of interest and costs." Thus, in awarding an amount of attorney fees it deems reasonable, a small claims court may be limited if it awards the fees as damages, rather than costs. *See Schultz v. Wurdlow*, 10th Dist. Franklin No. 11AP-62, 2012-Ohio-3163; *Staffilino Chevrolet, Inc. v. Balk*, 158 Ohio App.3d 1, 2004-Ohio-3633, ¶15 (7th Dist.).

{¶45} Finally, courts historically held that attorney fees under R.C. 5321.16(C) were to be awarded as costs rather than damages because post-judgment interest was not to be awarded on attorney fees. *See*, *e.g.*, *Chaney v. Breton Builder Co.*, 130 Ohio App.3d 602, 608-609 (6th Dist.1998); *Zeallear v. F & W Properties*, 10th Dist. Franklin No. 99AP-1215, 2000 WL 1015345, *5. The Ohio Supreme Court has, however, shied away from this prohibition and expressly abrogated the Sixth District's opinion in *Chaney* on this point, albeit in a different context. *See Parker v. I&F Insulation Co.*, 89 Ohio St.3d 261, 268 (2000).

{¶46} In the present matter, the trial court's judgment states as follows:

> It is ORDERED, ADJUDGED, and DECREED that the judgment is rendered to the Plaintiff against the Defendant in the amount of $1,900.00 for her security deposit plus penalty, and an additional amount of $2,312.50 for attorney fees. This total for fees was reached by taking the amount stated on Plaintiff's exhibit 3 and additional one hour for trial time at $250.00 per hour, and deducting the filing fee of $95.00, which will be awarded separately. This total of $4,212.50 will run at 4% interest from the date of judgment, and include costs. Judgment is rendered to the Plaintiff on Defendant's counterclaim. Costs to Defendant.

13

**{¶47}** We conclude that the trial court did not err in assessing the attorney fees as damages, rather than costs, in the case sub judice. The matter was not tried before a jury, thus the rationale for the rule in that regard is inapplicable. Further, the trial court did not exceed its jurisdictional limit with its award. Also, it was not error to award post-judgment interest on the award of attorney fees, even as costs. It is worth noting that this court affirmed the damage award of attorney fees in *Lacare* as being within the discretion of the trial court.

**{¶48}** The issue with attorney fees in the case law discussed above related to how the fees were to be presented—to the trier of fact or to the court—at the conclusion of trial. The cases determined that an award of attorney fees could be submitted for consideration by the court after the trial was concluded. The procedural concern in this regard has much less import in the small claims setting. The presentation of attorney fees occurs much the same as it would in a post-trial hearing.

**{¶49}** Whether the award of fees is in the form of a judgment or taxed as costs is consequential only in terms of who will assume the task of collecting the award. Under the facts and circumstances of this case, the award of fees would have been appropriate either in the form of a judgment or as costs. As such, awarding a judgment for attorney fees was within the sound discretion of the trial court. This is consistent with the purpose of the Landlord Tenant Act, which favors a tenant's ability to recover where a landlord wrongfully withholds a security deposit, as the trial court found here. *See Lacare*, *supra*, at 241.

**{¶50}** ARR's fourth assignment of error is without merit.

**{¶51}** ARR's fifth assignment of error states:

14

{¶52} "The trial court committed an abuse of discretion by awarding excessive attorney fees which included five and a half hours accrued by the date that appellee's attorney filed a single page civil complaint."

{¶53} The amount of attorney fees awarded is within the sound discretion of the trial court. *Sherwin*, *supra*, at 19; *Forquer v. Colony Club*, 26 Ohio App.3d 178, 180 (10th Dist.1985). R.C. 5321.16(C) permits the trial court to award reasonable attorney fees upon finding a violation of the statute. The purpose of the penalty provision in R.C. 5321.16(C) is "to enable a tenant to recover the wrongfully withheld portion of his security deposit *at no cost to himself*." *Lacare*, *supra*, at 241 (emphasis added).

{¶54} In addition, this court has held it is appropriate for the trial court, in its discretion, to include in the award of fees an amount necessary to successfully defend a counterclaim filed by the landlord. *Id.* at 242. While the time necessary to file the small claim and prepare for the hearing may be subject to debate, the trial court is in the best position to question and resolve those issues.

{¶55} The judgment of the Chardon Municipal Court is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

15