[Cite as *Geletka v. Radcliff*, 2022-Ohio-2497.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| MICHAEL GELETKA, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 110988 |
| MICHAEL RADCLIFF, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 21, 2022

Civil Appeal from the Parma Municipal Court
Case No. 20CVF01601[1]

*Appearances:*

James E. Boulas Co., L.P.A., and James E. Boulas, *for appellee*.

Law Offices at Pinecrest and David A. Corrado, *for appellant*.

---

[1] Both appellant and appellee submitted their briefs with an incorrect municipal court case number. The appellee submitted 20CVI01601 and the appellant submitted 20CV101601 as the case numbers. However, according to the Parma Municipal Court and the official record, the correct case number is 20CVF01601.

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Michael Radcliff ("Radcliff") appeals the trial court's decision to grant plaintiff-appellee Michael Geletka's ("Geletka") motion for summary judgment, the dismissal of Radcliff's counterclaims, and the dismissal of Geletka's breach-of-contract claim. We affirm the trial court's decision.

{¶ 2} Geletka and Radcliff had an agreement for the replacement of Radcliff's roof. On June 2, 2020, Geletka filed a pro se small-claims complaint against Radcliff alleging that Radcliff owed him a cancellation fee. On July 8, 2020, in response, Radcliff filed a counterclaim alleging that Geletka violated the Ohio Home Solicitation Sales Act ("HSSA") and the Ohio Consumer Sales Practices Act ("CSPA"). Radcliff also accused Geletka of fraud and defamation, and sought a declaratory judgment. Both Geletka and Radcliff moved for summary judgment. On October 15, 2021, the trial court granted both motions and dismissed the entire case.

I. **Facts and Procedural History**

{¶ 3} Radcliff, a former neighbor of Geletka for 15 years, purchased a home around the corner from Geletka that sustained some hail damage to the roof. On April 10, 2020, Radcliff and Geletka met at Radcliff's home, where they inspected the damage to the roof. Geletka advised Radcliff that there was sufficient damage to the roof to file an insurance claim with Radcliff's homeowner's insurance company.

According to Geletka, Radcliff did not disclose to him nor to the insurance company that the roof sustained prior damage that caused leaks.

{¶ 4} On the same day as the inspection, Radcliff signed an authorization for Geletka to communicate with the insurance company for the purpose of obtaining a payout to repair the damage to the roof. According to Radcliff, Geletka owned and operated a roofing company called Independent Roofing & Gutters ("IRG"). Radcliff claimed that IRG is an unregistered company that was not permitted to perform roof repairs in the city of Parma. Radcliff also claimed that IRG did not provide proof of insurance that would cover any work performed on the property.

{¶ 5} Despite this, Radcliff claimed that Geletka pressured him to sign a contract, agreeing that Geletka would repair his roof. According to Radcliff, the agreement did not contain the cost of services or how payment was to be remitted to Geletka. Radcliff claimed that the agreement stated that Geletka, as the sole employee of the business, would be the only contractor to perform the work. In addition, the agreement also contained a cancellation clause in the event that Radcliff used another contractor stating that a cancellation fee of $1,000 plus 30 percent of replacement cost value approved by Radcliff's insurance company would be assessed by IRG. Radcliff also claimed that the agreement failed to include any statement on his right to cancel as required by the HSSA.

{¶ 6} However, Geletka claimed that Radcliff did not expect Geletka to physically do the roof repairs himself. Geletka maintained that he was going to contract the work out to someone else. Both Geletka and Radcliff agreed that Radcliff's insurance company approved Radcliff's claim, and Radcliff contacted another company to complete the work, because they offered a better warranty. Geletka claimed that Radcliff texted him that Geletka's efforts would not go uncompensated.

{¶ 7} On June 2, 2020, Geletka filed a small claims complaint, arguing that Radcliff owed him a cancellation fee. On June 18, 2020, Radcliff sent Geletka an email stating that he was cancelling any agreement he had with Geletka concerning his property under the HSSA. On July 7, 2020, Radcliff filed his answer to Geletka's complaint and a counterclaim alleging that Geletka violated both the HSSA and the CSPA. In Radcliff's counterclaim, he also accused Geletka of fraud, defamation, and having an affair with Radcliff's wife. Geletka argued that Radcliff is not married.

{¶ 8} On July 30, 2020, Geletka offered to dismiss his complaint if Radcliff would dismiss his counterclaim. Geletka argued to Radcliff that Radcliff had not paid him any money. Radcliff did not respond to the offer. On February 4, 2021, Geletka filed a motion for summary judgment on Radcliff's counterclaim. On September 2, 2021, Radcliff filed a motion for summary judgment on Geletka's complaint. On October 15, 2021, the trial court granted both motions and dismissed the entire case.

{¶ 9} In its journal entry, the trial court stated:

For the reasons set forth in "plaintiff's motion for summary judgment as to defendant's counterclaim" filed on February 4, 2021, said motion is granted. Defendant's counterclaim is dismissed.

For the reasons set for in "defendant's motion for summary judgment" filed on September 2, 2021, at page 5, this court finds this case involves "a single cause of action based on a written contract that admittedly does not exist." As such, plaintiff's case is dismissed.

Case dismissed. Counterclaim dismissed. Parties shall bear their respective costs.

Final. No just cause for delay.

Journal Book, p. 301-200 (Oct. 13, 2021).

{¶ 10} Radcliff filed this appeal and assigned three errors for our review:

I. The trial court committed reversible error in awarding Geletka's summary judgment on Radcliff's counterclaims because he failed to carry his burden as the moving party and point to specific evidence establishing there were no genuine issues of material fact;

II. The trial court committed reversible error by summarily awarding Geletka's summary judgment on Radcliff's counterclaims without considering Radcliff's opposing brief and evidentiary quality material, which met his reciprocal burden as the nonmoving party, and which raised genuine issues of material fact and warranted the granting of judgment in favor of Radcliff; and

III. Radcliff submitted evidentiary quality materials that warranted the granting of judgment in favor of Radcliff on his counterclaims.

{¶ 11} For clarity and ease of discussion, we will address the assignment of errors together.

## II. Summary Judgment

### A. Standard of Review

{¶ 12} Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his or her favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 696 N.E.2d 201 (1998).

{¶ 13} The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party demonstrates entitlement to summary judgment, the burden shifts to the nonmoving party to produce evidence related to any issue on which the party bears the burden of production at trial. Civ.R. 56(E).

### B. Law and Analysis

{¶ 14} In Radcliff's first assignment of error, he argues that the trial court erred when it granted Geletka's motion for summary judgment. Specifically,

Radcliff contends that in Geletka's complaint, he did not reference any evidence to demonstrate the absence of a material fact. The trial court dismissed the case and counterclaims, stating that a written contract does not exist.

{¶ 15} "In order for a valid contract to exist, there must be mutual assent, an offer and acceptance of the offer, and consideration." *Butcher v. Bally Total Fitness Corp.*, 8th Dist. Cuyahoga No. 81593, 2003-Ohio-1734, ¶ 28, citing *Nilavar v. Osborn*, 127 Ohio App.3d 1, 711 N.E.2d 726 (1998). "An enforceable contract requires these elements to be met; therefore, if there is no meeting of the minds, the contract has not been formed." *Id.*, citing *McCarthy, Lebit, Crystal & Haiman Co. L.P.A. v. First Union Mgt.*, 87 Ohio App.3d 613, 622 N.E.2d 1093 (May 6, 1993).

{¶ 16} "The definition of 'consideration' is that a promisor received something of value in exchange for what was given up. If there is no consideration, a promise is illusory and void." *Id.* at ¶ 30, citing *Floss v. Ryan's Family Steakhouses, Inc.*, 211 F.3d 306 (6th Cir. 2000). Geletka did not receive anything of value from Radcliff, because there was no consideration. Thus, a contract between Radcliff and Geletka did not exist. Geletka never performed any work for Radcliff, and Radcliff never paid for Geletka's service. Therefore, the trial court did not err in deciding that a contract did not exist between the parties.

{¶ 17} Radcliff also argues that he provided relevant evidence to demonstrate that the contract failed to properly include any statement on the buyer's right to cancel as required by R.C. 1345.23(B)(1) of the HSSA, which states:

In connection with every home solicitation sale:

(1) The following statement shall appear clearly and conspicuously on the copy of the contract left with the buyer in bold-face type of the minimum size of ten points, in substantially the following form and in immediate proximity to the space reserved in the contract for the signature of the buyer: "You, the buyer, may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction. See the attached notice of cancellation for an explanation of this right.[ "]

R.C. 1345.23(B)(1).

{¶ 18} Although Geletka failed to include this provision in the agreement, it was already determined that Radcliff did not have a contract with Geletka. Radcliff cancelled the agreement through email, and the trial court did not award Geletka a cancellation fee. Radcliff does not demonstrate that a genuine issue of material fact existed. "A genuine issue of material fact exists when the relevant factual allegations contained in the documentary evidence attached to a summary judgment motion and opposition brief are in conflict." *Link v. Leadworks Corp.*, 79 Ohio App.3d 735, 741, 607 N.E.2d 1140 (8th Dist.1992), citing *Duke v. Sanymetal Co.*, 31 Ohio App.2d 78, 286 N.E.2d 324 (1972).

{¶ 19} The allegations made by Radcliff are not in conflict with Geletka's arguments. Both agree that the written agreement did not contain the necessary provision. However, there was never a contract between the two, services were not rendered, and nothing of value was exchanged. Therefore, the trial court did not err in dismissing Radcliff's counterclaim regarding his HSSA claims.

{¶ 20} Radcliff also contends that he submitted evidentiary quality materials that warranted the granting of judgment in his favor on his counterclaim for violations of the CSPA, stating that Geletka violated provisions that apply before, during, or after the transaction. "The CSPA prohibits suppliers from committing 'an unfair or deceptive act or practice in connection with a consumer transaction.' R.C. 1345.02." *Dillon v. Farmers Ins. of Columbus, Inc.*, 145 Ohio St.3d 133, 2015-Ohio-5407, 47 N.E.3d 794, ¶ 12.

{¶ 21} "A 'consumer transaction' is defined in R.C. 1345.01(A) as '* * * a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things.' R.C. 1345.01(A)." *Id.* at ¶ 14.

> R.C. 1345.01 defines a consumer transaction to include a solicitation to provide services, which necessarily occurs before a transaction is commenced or consummated. Similarly, a violation of the CSPA under R.C. 1345.02(A) includes deceptive practices that occur before the transaction.

*Ferron v. Fifth Third Bank*, 10th Dist. Franklin No. 08AP-473, 2008-Ohio-6967, ¶ 10.

{¶ 22} Radcliff has not provided evidence that Geletka violated the CSPA with deceptive practices.

> In general, the CSPA defines "unfair or deceptive consumer sales practices" as those that mislead consumers about the nature of the product they are receiving, while "unconscionable acts or practices" relate to a supplier manipulating a consumer's understanding of the nature of the transaction at issue.

*Brunke v. Ohio State Home Servs.*, 9th Dist. Lorain No. 13-CA-010500, 2015-Ohio-2087, ¶ 18, quoting *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, ¶ 24.

{¶ 23} Radcliff asserts that Geletka convinced him that Geletka was going to perform the work himself, while Geletka argues that Radcliff knew he was going to hire someone else to repair the roof. We determine that Radcliff's assertion does not rise to the level of unconscionable acts or practices that relate to Geletka manipulating his understanding of the nature of repairing the roof.

> In determining whether an act or practice is deceptive for purposes of the CSPA, the question is whether the supplier did or said something, regardless of intent, that has the likelihood of inducing in the mind of a consumer a belief that was not in accord with the facts.

*Lester v. FCA US LLC*, 1st Dist. Hamilton Nos. C-210532 and C-210536, 2022-Ohio-1776, ¶ 37, citing *Frank v. WNB Group*, LLC, 2019-Ohio-1687, 135 N.E.3d 1142, ¶ 26 (1st Dist.).

{¶ 24} "For conduct to be deceptive under the CSPA, it must be both false and material to the consumer transaction." *Id.*, citing *Grgat v. Giant Eagle, Inc.*, 2019-Ohio-4582, 135 N.E.3d 846, ¶ 16 (8th Dist.). Radcliff has not demonstrated that Geletka's claims were deceptive, false, or material to the consumer transaction. Therefore, the trial court did not err in dismissing Radcliff's counterclaim regarding a violation of the CSPA.

{¶ 25} Additionally, Radcliff contends that the trial court erred by not awarding him attorney fees. R.C. 1345.09(F) provides for the award of attorney fees to the prevailing party in an action brought under Ohio's CSPA. The provision states in part that "[t]he court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if * * * [t]he supplier has knowingly committed an act or practice that violates this chapter." However, Radcliff's did not prevail on any claims. Geletka filed a pro se claim in small claims court in the Parma Municipal Court. In order to file or answer a claim in the court, an attorney is not needed. This information is found on the court's website, where it states: "Do I need a lawyer? No. In small claims court, most cases go forward without a lawyer." https://parmamunicourt.org/info/index/8 (accessed on June 3, 2020).

{¶ 26} Therefore, the trial court did not err in dismissing Radcliff's counterclaim regarding attorney fees.

{¶ 27} Radcliff argues that the trial court erred in dismissing his counterclaim against Geletka for fraud. "A plaintiff must state the circumstances constituting fraud with particularity." *Kobal v. Edward Jones Secs.*, 8th Dist. Cuyahoga No. 109753, 2021-Ohio-1088, ¶ 16, citing Civ.R. 9(B). "This means that a plaintiff must state 'the time, place, and content of the false representation, the fact misrepresented, and the nature of what was obtained or given as a consequence of the fraud.'" *Id.*, citing *Carter-Jones Lumber Co. v. Denune*, 132 Ohio App.3d 430, 433, 725 N.E.2d 330 (10th Dist.1999).

{¶ 28} More specifically, a claim for fraud requires proof of the following elements:

> (1) a representation or, where there is a duty to disclose, omission of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.

*Id.* at ¶ 15, citing Russ *v. TRW, Inc.*, 59 Ohio St.3d 42, 49, 570 N.E.2d 1076 (1991).

{¶ 29} A review of the record reveals that Radcliff has not demonstrated that he has been injured by his reliance upon any of Geletka's statements. Radcliff argues that Geletka's statements regarding being the sole person to perform the roof repairs, Geletka's failure to provide proof of insurance and a business registration, and Geletka's subsequent lawsuit all resulted in Radcliff's injuries. However, the record shows that Radcliff hired another company to repair his roof because he received a better warranty from the new company.

{¶ 30} Radcliff also argues that taking time off from work in order to attend court proceedings are injuries that he suffered. However, he has not demonstrated that this injury was caused by his reliance on Radcliff's representations. Therefore, the trial court did not err by dismissing Radcliff's counterclaim for fraud.

{¶ 31} Radcliff argues that the trial court erred in dismissing his counterclaim for defamation. In order to prevail on a defamation claim, Radcliff must prove five elements: 1) a false statement; 2) about Radcliff; 3) published to a

third party; 4) with the required degree of fault by Geletka; and 5) defamatory per se or defamatory per quod, causing special harm to the Radcliff. *Sygula v. Regency Hosp. of Cleveland E.*, 2016-Ohio-2843, 64 N.E.3d 458, ¶ 18 (8th Dist.), citing *Garofolo v. Fairview Park*, 8th Dist. Cuyahoga Nos. 92283 and 93021, 2009-Ohio-6456, ¶ 17. "'Defamation is a false publication that injures a person's reputation, exposes him to public hatred, contempt, ridicule, shame or disgrace; or affects him adversely in his trade or business.'" *Mercer v. Goans*, 8th Dist. Cuyahoga No. 109651, 2021-Ohio-1948, ¶ 19, quoting *Kanjuka v. MetroHealth Med. Ctr.*, 151 Ohio App.3d 183, 2002-Ohio-6803, 783 N.E.2d 920, ¶ 15 (8th Dist.).

{¶ 32} Radcliff contends that Geletka defamed him around the neighborhood, to the police, and to the animal control board stating that Radcliff was poisoning and drowning cats in the neighborhood. Radcliff claims that his reputation suffered around the neighborhood as a result of these claims. Radcliff has failed to demonstrate that he experienced public hatred, contempt, ridicule, shame, or disgrace. Therefore, the trial court did not err in dismissing Radcliff's claims for defamation.

{¶ 33} Radcliff's argues that he has set forth sufficient evidence on each of his claims that preclude him to a statutory right to a declaratory judgment. In order to properly plead a complaint seeking declaratory relief, Radcliff must demonstrate that "(1) the action is within the scope of the Declaratory Judgment Act; (2) a justiciable controversy exists between adverse parties; and (3) speedy relief is necessary to preserve rights that may otherwise be impaired." *Tabbaa v. Lexpro,*

*L.L.C.*, 8th Dist. Cuyahoga Nos. 109690 and 109691, 2020-Ohio-5514, ¶ 5, citing *Freedom Rd. Found. v. Ohio Dept. of Liquor Control*, 80 Ohio St.3d 202, 204, 685 N.E.2d 522 (Nov. 5, 1997). "A complaint seeking declaratory relief under R.C. Chapter 2721 must be dismissed where it does not meet any of those requirements." *Galloway v. Horkulic*, 7th Dist. Jefferson No. 02 JE 52, 2003-Ohio-5145, ¶ 24.

{¶ 34} Radcliff has not demonstrated that a controversy exists between him and Geletka. Geletka did not prevail on his claims because the trial court dismissed the case. Therefore, the trial court did not err in dismissing Radcliff's request for declaratory judgment.

{¶ 35} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
SEAN C. GALLAGHER, A.J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)

SEAN C. GALLAGHER, A.J., CONCURRING IN JUDGMENT ONLY:

{¶ 36} I concur in judgment only with the majority's decision. Geletka and Radcliff entered into a legally enforceable agreement consisting of four documents signed by both parties, all of which were attached to the small claims complaint. Those documents included all material terms of the parties' agreement that Geletka would repair and replace Radcliff's roof for $17,672.17, of which Radcliff would be responsible for the $1,000 deductible and an approximately $3,000 shortfall between the insurer's projected payout and the total replacement cost.

{¶ 37} In the first of the signed documents, Radcliff authorized Geletka to act as Radcliff's agent for the purposes of pursuing the roof replacement claim with Radcliff's insurer. That document included the partial notice under R.C. 1345.23(B)(1) that the "insured/homeowner may cancel this transaction at any time prior to midnight of the third business day after the date of this agreement." The separate cancellation form was not appended to the authorization form. The agency agreement also assigned the proceeds of Radcliff's insurance claim to the total cost to replace the roof less the $1,000 deductible. In a second document, also executed on April 10, 2020, along with the authorization, Radcliff promised to pay a cancellation fee if the insurer approved a complete roof replacement and then Radcliff decided to use another contractor for the repairs. The fee was $1,000 plus 30 percent of the total replacement cost — a fee resembling the material costs in this particular case.

{¶ 38} Seven days later, the parties executed a third document setting forth the scope of the work to be performed and detailing the materials involved, which was amended with a supplemented contract on April 27 to include additional materials or services and bringing the total replacement cost to $17,672.17. Although the fourth document supplanted the third, both were included in the record. All four documents were signed by Radcliff.

{¶ 39} On April 29, Geletka purchased approximately $5,000 in materials in anticipation of performing the repair work under the terms of the contract. By May 4, Geletka was informally notified that Radcliff decided to use another contractor, who was paid approximately $20,000 by the insurer for the roof-replacement services, but that contractor also covered Radcliff's $1,000 deductible through sales promotions. Geletka was able to return the purchased materials but, thereafter, sought enforcement of the cancellation clause of the contract.

{¶ 40} After Geletka filed the small claims complaint in early June, and thus properly commenced a breach-of-contract claim upon the then-binding contract, Radcliff sent an email allegedly cancelling "all of my contracts/agreements with you" under Ohio's Home Solicitation Sales Act ("HSSA"). It is, therefore, undisputed that Radcliff failed to properly avail himself of the rescission clause on May 4 when he backed out of the contract after Geletka had purchased materials. R.C. 1345.23(C)

requires written notice, which was not provided to Geletka until after the small claims action commenced.[2]

{¶ 41} Radcliff's arguments in this appeal are limited. In the first and second assignments of error, Radcliff claims that Geletka failed to demonstrate entitlement to summary judgment because Geletka relied on conclusory statements without presenting evidence in support of his claims and that the trial court failed to consider Radcliff's brief in opposition. Notwithstanding the fact that the parties' deposition transcripts and affidavits were included with their respective motions that are part of the record, Radcliff's argument are unavailing. Radcliff has not demonstrated entitlement to relief in this appeal other than presenting his own conclusory statements that ignore the evidence presented in support of the motions for summary judgment. An appellant bears the burden of demonstrating reversible error, beyond providing conclusory statements. *In re Application of 6011 Greenwich Windpark, L.L.C.*, 157 Ohio St.3d 235, 2019-Ohio-2406, 134 N.E.3d

---

[2] It is important to note that as of the commencement of the underlying action, a binding contract existed. Contrary to any assertion otherwise, it is axiomatic that consideration is not limited to the receipt of money or value, or the performance of services. A promise of some act or forbearance constitutes consideration for another promise when it creates a binding obligation that the promisee is not otherwise legally required to undertake or forgo. *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 315 (6th Cir.2000). Thus, Radcliff's assignment of the insurance proceeds and his promise to forgo seeking another contractor if the insurer covered the cost of the roof replacement constituted consideration for the contracts. And regardless, Radcliff implicitly agreed that the four documents he executed constituted binding agreements at the time the small claims complaint was filed; otherwise, there was nothing to rescind following commencement of the action.

1157, ¶ 33, citing *Toliver v. Vectren Energy Delivery of Ohio, Inc.*, 145 Ohio St.3d 346, 2015-Ohio-5055, 49 N.E.3d 1240, ¶ 30. That alone warrants an affirmance.

{¶ 42} But nevertheless, Radcliff elected the remedy of rescission, under R.C. 2345.23(C) and the HSSA, to terminate his obligations under the terms of the parties' contract and avoid his obligation to pay the cancellation fee to which he was contractually bound. "'Once the consumer has chosen to rescind, or cancel, the contract, he is not entitled to recover damages under the [Consumer Sales Practices Act ("CSPA")].'" *White v. Allstate Ins. Co.*, 8th Dist. Cuyahoga No. 92648, 2009-Ohio-5829, ¶ 16, quoting *Clemens v. Duwel*, 100 Ohio App.3d 423, 433, 654 N.E.2d 171 (2d Dist.1995); *Garber v. STS Concrete Co., L.L.C.*, 2013-Ohio-2700, 991 N.E.2d 1225, ¶ 23 (8th Dist.). In addition, unlike violations of the CSPA, the HSSA does not contain a right to recover attorney fees. *Id.* at ¶ 23.[3] Radcliff has not addressed the law from this district. App.R. 16(A)(7).

{¶ 43} Once Radcliff exercised his right to rescind the contract, he no longer was able maintain a claim under the CSPA or seek attorney fees incurred in defending the action.[4] And further, the only CSPA and HSSA claims advanced in

---

[3] The remedy of rescission is not self-effectuating. Under R.C. 1345.23(C)(1), the remedy must be asserted within a "reasonable time," meaning there is some variability as to whether the rescission is controlling. Thus, Radcliff's rescission did not automatically require Geletka to dismiss the action; a decision had to be made as to whether his assertion of the right was timely.

[4] The majority's conclusion that attorney fees are not recoverable in small claims court because the court advises parties that an attorney is unnecessary is unfounded. Attorney fees, if otherwise authorized by law, are recoverable for actions arising in small claims court despite the fact that most litigants do not seek representation. *See, e.g., Biasella v. Costakis*, 8th Dist. Cuyahoga No. 71281, 1997 Ohio App. LEXIS 2089, 5

the complaint were limited to the allegations involving the formation of the contract and the spurious claims that Geletka's work, although never performed, was somehow completed in an unworkmanlike manner.

{¶ 44} Rescission of the contract between Radcliff and Geletka was the remedy for Radcliff's counterclaim that precluded Geletka from asserting his right to the cancellation fee as agreed to by the parties. There are no allegations in the counterclaim asserting damages for Geletka maintaining the lawsuit after the rescission was deemed valid. Those claims were first asserted in Radcliff's motion for summary judgment. A party, "however, cannot assert a claim on summary judgment that was not contained within the complaint." *Crenshaw v. Cleveland Law Dept.*, 8th Dist. Cuyahoga No. 108519, 2020-Ohio-921, ¶ 61; *Tchankpa v. Ascena Retail Group, Inc.*, 10th Dist. Franklin No. 19AP-760, 2020-Ohio-3291, ¶ 25 (collecting cases holding that new claims cannot be presented in order to demonstrate triable issues of fact in summary judgment proceedings without amending the complaint).

{¶ 45} Summary judgment upon the CSPA and HSSA claims in Geletka's favor was appropriate since Radcliff, after invoking R.C. 2345.23(C), had no further remedies available under either the HSSA or the CSPA with respect to the alleged

---

(May 15, 1997) (plaintiff hired an attorney after filing a small claims action and could have amended complaint to assert additional claims for the attorney fees then incurred); *Clean Wood Recycling, Inc. v. Tony's Landscaping, Inc.*, 6th Dist. Lucas No. L-14-1074, 2014-Ohio-5280, ¶ 18; *Mandzuch v. Affordable Reasonable Rentals, LLC*, 11th Dist. Geauga No. 2018-G-0179, 2019-Ohio-2092, ¶ 49; *Townhomes at French Creek v. Woods*, 9th Dist. Lorain No. 17CA011159, 2018-Ohio-2445, ¶ 24.

consumer transaction, the sole basis of the allegations advanced in the counterclaim. The summary judgment reflected the fact that Radcliff avoided responsibility for the cancellation fee by rescinding the contract, the sole remedy for his CSPA and HSSA claims in the counterclaim, and that Geletka's claims were without merit as a matter of law because the contract had been rescinded and was no longer binding.

{¶ 46} Radcliff's arguments with respect to the fraud, defamation, and declaratory judgment claims are equally unavailing.

{¶ 47} Radcliff argues that summary judgment was improper as to the fraud because Geletka misled him into thinking Geletka would perform the repair work and that he was properly licensed and bonded. In order to state a claim for fraud, Radcliff must in part present evidence of a representation or concealment of a fact that is material to the transaction and justifiable reliance on that falsity or concealment resulting in actual damages. *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.3d 458, ¶ 61, quoting *Groob v. KeyBank*, 108 Ohio St.3d 348, 2006-Ohio-1189, 843 N.E.2d 1170. Radcliff has no evidence of reliance, much less justifiable reliance, or damages sufficient to demonstrate error below.

{¶ 48} In Radcliff's deposition testimony, included within the appellate record, Radcliff expressly stated that he understood that Geletka would not personally perform the repair work, that Radcliff did not actually pay for the ultimate roof repair, both of which only occurred because Radcliff did not rely on Geletka's alleged representations, and that Radcliff hired another contractor before

work commenced. And even if there were any reliance on Geletka's alleged statements, Radcliff's insurance company paid for the repairs and the replacement contractor covered Radcliff's deductible. There are no damages. Since Radcliff has not addressed his deposition testimony that contradicts the elements of a fraud claim, there is no need to discuss this aspect of the assigned error any further. App.R. 16(A)(7).

{¶ 49} With respect to Radcliff's arguments pertaining to the defamation and declaratory judgment claims, Radcliff's sole argument is limited to a single paragraph of analysis for each argument, in which Radcliff concludes that the trial court erred because the undisputed evidence was in his favor on whether Geletka uttered false statements and whether Radcliff suffered injury and that an injunction is necessary to protect Radcliff from the lawsuit over a "nonexistent contract." Those brief and summary conclusions are insufficient to demonstrate error or warrant further discussion. App.R. 16(A)(7); *In re Application of 6011 Greenwich Windpark, L.L.C.*, 157 Ohio St.3d 235, 2019-Ohio-2406, 134 N.E.3d 1157, at ¶ 33, citing *Toliver*, 145 Ohio St.3d 346, 2015-Ohio-5055, 49 N.E.3d 1240, at ¶ 30.

{¶ 50} For the foregoing reasons, I agree with the majority's outcome.